UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**RAYMOND A. CARRUTHERS,**

                             **Plaintiff,**

           v.                                         **6:20-CV-399 (FJS/TWD)**

**KIMBERLY COLTON, individually;
CHARLES HUMPHREYVILLE,**
individually; and **KRISTINE WESTON,**
individually,

                             **Defendants.**
_____

**APPEARANCES**                                        **OF COUNSEL**

**LAW OFFICE OF DAVID A.**           **DAVID A. LONGERETTA, ESQ.**
**LONGERETTA, PLLC**
298 Genesee Street
Utica, New York 13502
Attorneys for Plaintiff

**LAW OFFICE OF ZACHARY**          **ZACHARY C. OREN, ESQ.**
**C. OREN, ESQ.**
401 Rutger Street
Utica, New York 13501
Attorneys for Plaintiff

**OFFICE OF THE NEW YORK**          **JONATHAN REINER, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Pending before the Court is Defendants' motion to dismiss the complaint in its entirety, in which they argue that Plaintiff has failed to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and seek protection from suit under the doctrine of qualified immunity. *See* Dkt. No. 11.

### II. BACKGROUND

Plaintiff commenced this action against three New York State Troopers, Defendants Kimberly Colton, Charles Humphreyville, and Kristine Weston, in their individual capacities, asserting causes of action for (1) malicious prosecution, (2) false arrest, (3) fabrication of evidence, and (4) failure to intervene, all pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1, Compl., at ¶¶ 9-94. These causes of action stem from an incident that occurred around 9:30 P.M. on September 4, 2017, at which time Defendant Colton stopped Plaintiff's vehicle after allegedly witnessing him swerving and driving 24 miles per hour under the speed limit on Interstate 90 in the City of Utica. *See id.* at ¶¶ 9-11; Dkt. No. 14-1, Ex. 1, Supporting Deposition, at 2.

Plaintiff alleges that he was alert and responsive during the traffic stop; nonetheless, Defendant Colton attempted to administer four field sobriety tests. *See* Dkt. No. 1 at ¶¶ 14, 17-18, 22. According to Plaintiff, Defendant Colton improperly conducted one of the tests and failed him on all four, even though he believes he passed them all. *See id.* at ¶¶ 23-27, 29, 33. After completing the field sobriety tests, Defendant Colton allegedly asked Plaintiff to take a field breathalyzer test, which he refused. *See id.* at ¶ 31. Defendant Colton then placed Plaintiff under arrest for Driving While Intoxicated ("DWI"), in violation of New York Vehicle and Traffic Law ("VTL") § 1192(3). *See id.* at ¶ 32.

Plaintiff alleges that Defendant Colton told him that he would be processed at the police barracks in Schuyler, New York, and he would be free to go. *See id.* at ¶ 36. Upon arriving at the barracks, Defendant Colton completed a CPL § 710.30 Notice, in which she indicated that Plaintiff admitted that he had drunk two beers at a casino before he started driving. *See id.* at ¶ 38; Dkt. No. 1-1, Ex. A, CPL § 710.30 Notice, at 2. Plaintiff alleges that Defendant Colton also conducted a computer-aided background check, which revealed that he had one prior driver's license suspension for failure to answer a court summons and that his license had never been suspended for DWI. *See* Dkt. No. 1 at ¶ 35. Plaintiff's New York State Department of Motor Vehicles ("DMV") records allegedly confirm this. *See id.* at ¶¶ 50-51. Notably, Defendant Colton did not check either box in the CPL § 710.30 Notice stating that Plaintiff had prior DWI convictions or that his license was currently suspended or revoked due to a DWI. *See id.* at ¶¶ 38-39 (citing Dkt. No. 1-1 at 2).

At the barracks, Plaintiff completed a breathalyzer test, which generated a result of 0.22% blood alcohol content ("BAC"). *See id.* at ¶ 40. Plaintiff alleges that he believed that result was inaccurate; and he called his attorney, John Leonard, Esq., who informed Defendant Colton that he was sending a phlebotomist to the barracks to collect Plaintiff's blood sample. *See id.* at ¶¶ 41-45. Plaintiff contends that, upon learning that the phlebotomist had appeared at the barracks, Defendant Colton filed a false felony complaint, which prevented Plaintiff from being released and getting the independent blood test. *See id.* at ¶¶ 46-47.

The felony complaint charged Plaintiff with aggravated unlicensed operation of a vehicle ("AUO") in the first degree, *see* N.Y. Veh. & Traf. L. § 511(3)(a), indicating that

Plaintiff had "previously been convicted of a [VTL §] 1192 offense[1] and/or that [his] license or operating privilege in New York State ha[d] been suspended/revoked based on" both "[a] computer check with the [DMV] records access[ed] through the NYSPIN computer system," and Plaintiff's "oral admission to the previous conviction and/or suspension/revocation of license or operating privilege[.]" *See id.* at ¶ 48 (quoting Dkt. No. 1-2, Ex. B, Felony Compl., at 2). However, Plaintiff contends that Defendant Colton never talked with him about any such suspensions; and neither the computer search of his records nor the CPL § 710.30 Notice indicated any DWI-related suspensions. *See id.* at ¶¶ 49, 50-51. For these reasons, Plaintiff alleges that Defendant Colton, assisted by Defendants Humphreyville and Weston, fabricated evidence to support a criminal prosecution and forwarded false information to prosecutors from the Oneida County District Attorney's office, including (1) the felony complaint, (2) the criminal informations, and (3) "the Supporting Deposition/DWI Bill of Particulars." *See id.* at ¶¶ 85-87.

The District Attorney's Office apparently reduced Plaintiff's felony charge of AUO in the first degree to the misdemeanor charge of AUO in the third degree pursuant to VTL § 511(1)(a) and charged him with various other misdemeanors. *See* Dkt. No. 1-4, Ex. D, Suppression Decision, at 2. Following a suppression hearing with respect to those charges in Utica City Court, the court allegedly found that there was "articulable/reasonable suspicion for the vehicle stop, but there was no probable cause for the subsequent DUI investigation" and suppressed all of the evidence obtained subsequent to Plaintiff's arrest. *See* Dkt. No. 1 at ¶ 70

---

[1] VTL § 1192 prohibits individuals from operating a motor vehicle while under the influence of alcohol or drugs. *See generally* N.Y. Veh. & Traf. L. § 1192. The statute sets forth various levels of offenses and defines terms such as driving while ability impaired, DWI, and aggravated DWI. *See generally id.*

(citing Dkt. No. 1-4 at 2-8). Plaintiff contends that, on October 5, 2018, he pled guilty to one count of an unsafe lane change, in violation of VTL § 1128(a); and the court dismissed the other charges. *See id.* at ¶ 71 (citing Dkt. No. 1-5, Ex. E, Plea, at 2). Plaintiff therefore alleges that Defendant Colton, with assistance from Defendants Humphreyville and Weston, intentionally falsely arrested and maliciously prosecuted him in violation of his Fourth Amendment rights. *See id.* at ¶¶ 74, 82. He lastly alleges that Defendants Humphreyville and Weston encouraged and actively participated in his unconstitutional arrest and prosecution rather than intervene to prevent it. *See id.* at ¶¶ 91-94.

### III. DISCUSSION

#### A. Motion to dismiss standard

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept the material facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *LMC Indus. Contrs. v. Dominion Energy Transmission, Inc.,* No. 5:20-CV-677 (FJS/ATB), 2021 U.S. Dist. LEXIS 159441, *3 (N.D.N.Y. Aug. 24, 2021) (Scullin, J.) (citing *Interpharm, Inc. v. Wells Fargo Bank, Nat'l Ass'n*, 655 F.3d 136, 141 (2d Cir. 2011) (citation omitted)). However, the court is not required to credit legal conclusions, bare assertions, or conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-81 (2009) (citations omitted). As such, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting [*Bell Atl. Corp. v. Twombly*, 550 U.S.] at 570, 127 S. Ct. 1955 [2007]). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing [*Twombly*, 550 U.S.] at 556, 127 S. Ct. 1955). Therefore, under this

standard, a plaintiff must support its claims with sufficient factual allegations to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). Thus, if the plaintiff has not "'nudged [its] claims' . . . 'across the line from conceivable to plausible,'" the court must dismiss the complaint. *Id.* at 680 (quoting [*Twombly*, 550 U.S. at 570]).

### B.  Plaintiff's first cause of action for malicious prosecution against all Defendants

"To prevail on a malicious prosecution claim under New York law and federal law, a plaintiff must show '(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice.'" *Kee v. City of New York*, 12 F.4th 150, 161-62 (2d Cir. 2021) (quoting *Smith-Hunter v. Harvey*, 95 N.Y.2d 191, 734 N.E.2d 750, 752, 712 N.Y.S.2d 438 (2000) (internal quotation marks omitted)) (other citation omitted). "For a malicious prosecution claim under Section 1983, a plaintiff also must demonstrate a 'sufficient post-arraignment liberty restraint.'" *Id.* at 162 (quoting *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000)).

The second element is critical in this case. "'[I]f the outcome [of a proceeding] was the result of a compromise to which the accused agreed, . . . it is not a termination in favor of the accused for purposes of a malicious prosecution claim.'" *Johnson El v. Bird*, No. 19-CV-5102 (CS), 2020 U.S. Dist. LEXIS 157902, *15 (S.D.N.Y. Aug. 31, 2020) (quoting *Posr v. Ct. Officer Shield No. 207*, 180 F.3d 409, 418 (2d Cir. 1999)). Similarly, "'[w]hen a charge is dismissed as part of a plea bargain, the dropped charge is not a favorable termination sufficient to support a [§ 1983] claim[.]'" *Gianni v. Kopp*, No. 1:11-cv-498 (GLS/CFH), 2014 U.S. Dist. LEXIS 26573, *9 (N.D.N.Y. Mar. 3, 2014) (Sharpe, J.) (quoting [*Topolski v. Cottrell*, No. 5:11-CV-1216 (MAD, ATB), 2012 U.S. Dist. LEXIS 112018, *6 (N.D.N.Y. Aug. 9, 2012)

(D'Agostino, J.)] (internal quotation marks and citation omitted)).  Even if the Court dismisses the criminal charges, an accused's guilty plea to a traffic violation, which is not a crime, is not considered a termination in his or her favor.  *See Blackmon v. McKimmie*, No. 18CV650V, 2019 U.S. Dist. LEXIS 195432, *25 (W.D.N.Y. Nov. 7, 2019), *adopted by* 2019 U.S. Dist. LEXIS 221086 (W.D.N.Y. Dec. 26, 2019)).

Plaintiff does not deny that he pled guilty in Utica City Court to one count of moving from a lane unsafely in violation of the VTL.  *See* Dkt. No. 1-5 at 2; *see* N.Y. Veh. & Traf. L. § 1128(a).  Furthermore, he does not dispute that his plea resulted in the dismissal of various other charges stemming from the September 4, 2017 incident, including misdemeanors for AUO, aggravated DWI with a BAC of 0.18% or greater, DWI, and refusal to take a breath screen.  *See* Dkt. No. 1-5 at 2.  Plaintiff's guilty plea, which was the result of his agreement with the District Attorney's Office, constitutes an outcome of the criminal proceeding that was *not* in his favor, even though he only pled guilty to a traffic violation.  As such, the Court finds that Plaintiff is unable to establish the second element of his cause of action for malicious prosecution.  Therefore, the Court grants Defendants' motion to dismiss with respect to this claim.

### C. Plaintiff's second cause of action for false arrest against all Defendants

"Under New York law, an action for false arrest requires that the plaintiff show that '(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'"  *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (quoting *Broughton v. State of New York*, 37 N.Y.2d 451, 456, 335 N.E.2d 310, 373 N.Y.S.2d 87 (1975)).  "Probable cause 'is a complete defense to an action for false arrest' brought under New

York law or § 1983." *Id.* (quoting *Weyant*, 101 F.3d at 852 (internal quotation marks and citation omitted)); *see Hulett v. City of Syracuse*, 253 F. Supp. 3d 462, 494 (N.D.N.Y. 2017) (Hurd, J.). "Probable cause for [a traffic] stop is established as a matter of law when the driver pleads guilty to a traffic violation, and neither the passenger [n]or the driver can thereafter bring a claim of false arrest." *Annan v. City of New York Police Dep't*, No.12 CV 2702 (CBA), 2014 U.S. Dist. LEXIS 184744, *35 (E.D.N.Y. Sept. 9, 2014) (citations omitted). As discussed above, Plaintiff pled guilty to the traffic violation of moving from a lane unsafely. *See* Dkt. No. 1-5 at 2; N.Y. Veh. & Traf. 1128(a). Plaintiff's plea, on its own, establishes probable cause. Thus, because Plaintiff pled guilty to that violation, which arose from the traffic stop and arrest on September 4, 2017, the Court finds that Plaintiff cannot bring a claim of false arrest against Defendants and grants Defendants' motion to dismiss with respect to Plaintiff's second cause of action.

**D. Plaintiff's third cause of action for fabrication of evidence against all Defendants**

"Fabrication of evidence claims relate to the right 'not to be deprived of liberty as a result of the fabrication of evidence by a government officer acting in an investigative capacity.'" *Jeanty v. City of Utica*, No. 6:16-cv-00966 (BKS/TWD), 2021 U.S. Dist. LEXIS 7737, *62 (N.D.N.Y. Jan. 14, 2021) (Sannes, J.) (quoting *Zahrey v. Coffey*, 221 F.3d 342, 349 (2d Cir. 2000)). "The traditional elements for such a claim are: '(1) [an] investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result.'" *Id.* at *62-*63 (quoting *Jovanovic v. City of New York*, 486 F. App'x 149, 152 (2d Cir. 2012)). Said another way, "'[t]o succeed on a claim for a denial of the right to a fair trial against a police officer based on an allegation that the officer falsified information, an arrestee must [therefore] prove by a preponderance of the

evidence that the officer created false information, the officer forwarded the false information to prosecutors, and the false information was likely to influence a jury's decision.'" *Smalls v. Collins*, 10 F.4th 117, 132 (2d Cir. 2021) (quoting [*Garnett v. Undercover Officer C0039*, 838 F.3d 265,] 279-280 [(2d Cir. 2016)]). As relevant here, "[t]he fabrication element requires only that the defendant knowingly make a false statement or omission." *Ashley v. City of New York*, 992 F.3d 128, 143 (2d Cir. 2021) (citing *Morse*, 804 F.3d at 547).

With respect to Defendant Colton, Plaintiff generally alleges in his complaint that she, as an investigating official, fabricated three pieces of evidence – *i.e.*, a felony complaint, criminal informations, and a supporting deposition – and forwarded those false documents to the Oneida County District Attorney's Office. *See* Dkt. No. 1 at ¶¶ 84, 87. Plaintiff additionally alleges that the nature of the fabricated evidence would influence a jury's decision in a criminal trial because it prevented Plaintiff from gathering his own evidence in defense of his criminal case, it affected the probative value of the evidence, and it could alter his ability to impeach Defendants. *See id.* at ¶ 86. Such allegations on their own fail to establish the second element of his claim for fabrication of evidence against Defendant Colton.

In his complaint, Plaintiff conclusively asserted that Defendant Colton "intentionally" fabricated the evidence, but he has not alleged any facts to establish that such fabrication was, in fact, knowing or intentional. *See id.* at ¶ 90. Plaintiff attempts to factually support the other elements of this cause of action by pointing to Defendant Colton's testimony at the suppression hearing, which he attaches in the form of the Utica City Court judge's decision on his suppression motion. *See id.* at ¶¶ 27-29; *see also* Dkt. No. 1-4, Suppression Decision. However, some of that testimony on which he relies appears to contradict Plaintiff's assertion that Defendant Colton knowingly falsified the evidence. For example, Defendant Colton

testified under oath that she "ma[d]e a mistake of charging [Plaintiff] with an AUO [in the] 1st [degree]," which she described as "a human error," a "human mistake," and "not perjury." *See* Dkt. No. 1-4 at 6. The Court thus finds that Plaintiff's conclusory allegations, which are contradicted by his attached evidence, are insufficient to survive a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and grants Defendants' motion to dismiss this claim against Defendant Colton.[2]

Furthermore, with respect to Defendants Humphreyville and Weston, the Court finds that Plaintiff has not alleged any facts that show their involvement in filing the felony complaint or filling out the CPL § 710.30 Notice, the criminal informations, or the supporting deposition, let alone that they knowingly fabricated those documents. Without such evidence, Plaintiff has failed to state a claim for fabrication of evidence against these Defendants. For these reasons, the Court grants Defendants' motion to dismiss Plaintiff's third cause of action with respect to Defendants Humphreyville and Weston.

### E. Plaintiff's fourth cause of action for failure to intervene against Defendants Humphreyville and Weston

"A law enforcement official . . . has an affirmative duty to intervene on behalf of an individual whose constitutional rights are being violated by other officers in his or her

---

[2] The Court dismisses this claim against Defendant Colton *without* prejudice. "[A] court granting a 12(b)(6) motion should consider a dismissal without prejudice 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Van Buskirk v. N.Y. Times Co.*, 325 F.3d 87, 91 (2d Cir. 2003) (quoting [*Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)] (citations omitted)); *accord Bazadier v. McAlary*, 464 F. App'x 11, 12 (2d Cir. 2012) (summary order). This provides Plaintiff the opportunity to move for leave to amend his complaint to include additional factual allegations supporting his claim that Defendant Colton acted knowingly when she allegedly fabricated the felony complaint, criminal informations, and her supporting deposition. By alleging such facts, Plaintiff may be able to state a valid claim for fabrication of evidence pursuant to 42 U.S.C. § 1983.

presence." *Livington v. Hoffnagle*, No. 9:19-CV-0353 (GLS/CFH), 2021 U.S. Dist. LEXIS 145360, *17 (N.D.N.Y. Aug. 3, 2021) (Hummel, M.J.) (citing *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 341 (N.D.N.Y. 2010)), *adopted by* 2021 U.S. Dist. LEXIS 164536 (N.D.N.Y. Aug. 31, 2021) (Sharpe, J.). "A defendant may be liable under a failure-to-intervene theory if: '(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene.'" *Id.* (quoting [*Tafari*, 714 F. Supp. 2d] at 342 (quoting *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008))).

In Plaintiff's complaint, he generally alleges that Defendants had a reasonable opportunity to intervene, encouraged, and actively participated in Plaintiff's prosecution. *See* Dkt. No. 1 at ¶¶ 92-93. He also alleges that, according to Defendant Colton, Defendants Humphreyville and Weston "substantially participated in [his] arrest and prosecution[.]" *See id.* at ¶ 55. However, Plaintiff does not identify how they participated in his arrest or prosecution, if they were aware that Defendant Colton allegedly violated Plaintiff's constitutional rights, and what opportunity they had, if any, to intervene or encourage that violation. Although Plaintiff contends in his memorandum of law that it is plausible that Defendants Humphreyville and Weston were involved, he does not support that assertion with any facts or evidence in his complaint or in the attached exhibits. Therefore, the Court finds that Plaintiff has not stated a plausible claim against those Defendants for failure to intervene; and, thus, the Court grants Defendants' motion to dismiss Plaintiff's fourth cause of action.

## IV. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss Plaintiff's complaint in its entirety, *see* Dkt. No. 11, is **GRANTED**;[3] and the Court further

**ORDERS** that all of Plaintiff's causes of action against Defendants Humphreyville and Weston are **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's first and second causes of action against Defendant Colton are **DISMISSED with prejudice** and Plaintiff's third cause of action against Defendant Colton is **DISMISSED without prejudice**; and the Court further

**ORDERS** that, if Plaintiff decides to move for leave to file an amended complaint, which shall contain only his third cause of action against Defendant Colton, he must do so within twenty (20) days of the date of this Order. If he does not file such a motion within the required time frame, the dismissal of his third cause of action against Defendant Colton shall become "with prejudice" without further Order of this Court and, at that time, the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: November 29, 2021
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge

---

[3] Since the Court dismisses each of Plaintiff's causes of actions on the merits, it will not address Defendants' argument that they are entitled to qualified immunity.