# Exhibit

# 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RAYMOND A. CARRUTHERS,                    **AMENDED COMPLAINT**

          **Plaintiff,**

                               **Civil Action Number:**
             **v.**                          **6:20-CV-399 (FJS/TWD)**

KIMBERLY COLTON, individually;
~~CHARLES HUMPHREYVILLE;~~        **JURY TRIAL**
~~individually; KRISTINE WESTON~~     **DEMANDED**
~~individually;~~

          **Defendants.**

---

Plaintiff **RAYMOND A. CARRUTHERS** by and through his attorneys David Longeretta, Esq.

and Zachary C. Oren, Esq. as for his Amended Complaint against Defendant,~~s~~ respectfully

alleges as follows:

**JURISDICTION AND VENUE**

1. This action is brought in part pursuant to §§ 1983 and 1988 of Title 42 of the United

    States Code and the ~~Fourth~~Fifth, Fourteenth and Sixth Amendments to the United States

    Constitution.  This action is for money damages to redress the deprivation by the

    Defendant~~s~~ of rights secured to the Plaintiff by the Constitution and laws of the Untied

    States and State of New York.  Jurisdiction of this Court is invoked under provisions of

    28 U.S.C. §§ 1331, 1343(3), and 1367 (A) and the aforementioned statutory and

    constitutional provisions.

2. The facts of which this action arises out of occurred within the United States District

    Court for the Northern District of New York.

**PARTIES**

1

3.  Plaintiff, **RAYMOND A. CARRUTHERS**, during all relevant times herein was and is an adult and a citizen of the United States of America and residing in the State of New York.

4.  New York State, during all relevant times herein by virtue of its law operates a state police force called the New York State Police, who maintains a state police barracks at 263 Carder Lane Road, Frankfort, New York 13340 (hereafter "Schuyler barracks" or "the station") and said state and barracks are located in the Northern District of New York and employed the above captioned Defendants at all relevant times herein.

5.  Defendant **KIMBERLY COLTON**, during all relevant times herein is or was a duly appointed Trooper for the New York State Police and charged with caring out her lawful duties and responsibilities in accordance with the law. Defendant **KIMBERLY COLTON** is sued as an individual.  Upon information and belief **KIMBERLY COLTON'S** professional address was the Schuyler barracks.

6.  Defendant **KIMBERLY COLTON**, has been a State Trooper for over eighteen years and during four years of her service she received the Trooper of the Year award for her driving while intoxicated (hereafter "DWI") arrests.

7.  ~~Defendant **CHARLES HUMPHREYVILLE**, during all relevant times herein is or was a duly appointed Trooper for the New York State Police and charged with caring out his lawful duties and responsibilities in accordance with the law. Defendant **CHARLES HUMPHREYVILLE** is sued as an individual.  Upon information and belief **CHARLES HUMPHREYVILLE'S** professional address was the Schuyler barracks.~~

~~8.~~ 7. ~~Defendant~~ **KRISTINE WESTON**, ~~during all relevant times herein is or was a duly appointed Trooper for the New York State Police and charged with caring out her lawful~~

~~duties and responsibilities in accordance with the law. Defendant KRISTINE WESTON~~

~~is sued as an individual.  Upon information and belief KRISTINE WESTON'S~~

~~professional address was the Schuyler barracks.~~

**AS AND FOR A FIRST CAUSE OF ACTION**
**A FEDERAL CLAIM OF FABRICATION OF EVIDENCE IN VIOLATION OF THE**
**FOURTEENTH, FIFTH AND SIXTH AMENDMENTS BROUGHT UNDER § 1983**
~~**MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AMENDMENT**~~
~~**BROUGHT UNDER § 1983**~~ **AGAINST DEFENDANTS KIMBERLY COLTON,**
~~**CHARLES HUMPHREYVILLE, KRISTINE WESTON**~~ **IN HER ~~THEIR~~ INDIVIDUAL**
**CAPACITY~~IES~~**

~~9.~~8.  Plaintiff at approximately September 4, 2017 at 9:30 pm was operating his vehicle on

interstate 90.

~~10.~~9.     Due to it being dark Plaintiff was driving his vehicle slowly as he has a hard time

seeing at night and it was cloudy.

~~11.~~10.     Defendant Colton conducted a motor vehicle stop of the vehicle Plaintiff was

driving.

~~12.~~11.     Defendant Colton asked Plaintiff for his license and registration which he duly

complied with the request.

~~13.~~12.     Plaintiff did not exhibit glassy eyes during the stop.

~~14.~~13.     Plaintiff was alert and responsive during the stop.

~~15.~~14.     At the time of the stop Plaintiff believed that he was not free to leave.

~~16.~~15.     At the time of the stop Plaintiff was not free to leave.

~~17.~~16.     During said stop Defendant Colton attempted to administer four field sobriety

tests, only three of which are standardized.

3

18.17.   Specifically, those tests were "Gaze Nystagmus", walk and turn, one leg stand and Rhomberg.

19.18.   However, during the suppression hearing in Utica City Court Defendant Colton could not testify to which "Gaze Nystagmus" test she applied, as there are different types.

20.19.   Furthermore, during the suppression hearing in Utica City Court Defendant Colton could not define what "Gaze Nystagmus" meant.

21.20.   Specifically, Defendant Colton was trained on the National Highway Traffic Safety Administration Student Manual (hereafter "NHTSA Manual") in the police academy in 2000 which is the only DWI training she has received and has not received any in-service nor refresher training courses.

22.21.   Although Defendant Colton could not testify to what "Gaze Nystagmus" test she was applying, but it appears based on her testimony she was attempting to apply the "Horizontal Gaze Nystagmus" test [hereafter "HGN"].

23.22.   Defendant Colton incorrectly and inappropriately applied the HGN according to the NHTSA Manual.

24.23.   First Defendant Colton inappropriately conducted the HGN test because when she began the test Plaintiff did not exhibit equal tracking[1]. As such the NHTSA Manual dictates that the test cannot be used because the suspect could be suffering from disability and/or injury.

25.24.   However, instead of following the NHTSA Manual, Defendant Colton failed Plaintiff on the HGN on this basis.

---

[1] The HGN is a standard field sobriety test which measures the involuntarily movements in a suspect's eyes caused by alcoholic intoxication. The term "equal tracking" refers to the ability of the eyes to track together when the subject attempts to follow an object moving side to side.

4

26.25.    Moreover, Defendant Colton incorrectly conducted the HGN when she held the

stimulus six inches away from Plaintiff's face when the NHTSA requires that the

stimulus be held twelve to fifteen inches from the suspect's face.

27.26.    As for the walk and turn standard field sobriety test Defendant Colton testified, on

direct examination by the Assistant District Attorney, as follows, at the suppression

hearing:

>     Q.  Okay.  And so based on your observations and what you just indicated
>     to the court did the Defendant pass or fail that test?
>
>     A. Failed the test.
>
>     Q. And are there clues in which you are following to determine the
>     Defendant passed or failed that test?
>
>     A. That is Correct.
>
>     Q. And do you know all of the clues for the walk and turn test?  Do you
>     know what the clues are for the walk and turn test?
>
>     A. Each step has to be heel to toe, understand the instructions given with a
>     short, choppy turn.
>
>     Q.  Okay.  Do you know what the total amount of clues for the walk and
>     turn test?
>
>     A:  Eight.
>
>     Q:  Eight. Can you list those eight clues?
>
>     A: Not exactly, no.

28.27.    As for the walk and turn standard field sobriety test Defendant Colton testified, on

cross examination by the defense counsel, as follows at the suppression hearing:

>     Q. Trooper, tell me the clues, the exact clues for the HGN.  I'm sorry, for the walk
>     and turn.

A. The exact clues. Every step needs to be heel to toe.  When he gets to the turn it needs to be a short, choppy turn as demonstrated to him prior to the test begins.

Q. So there's three clues.

A. There's three clues?

Q. I'm asking you.  Is there three clues?

A. He failed all of the clues.

Q. Okay. Again I am not going to let you get away with just giving generalities.  I ask you specifically if you know the eight clues of the walk and turn.

A. Okay, I can tell you that he needs to have the heel to toe.

Q. That's one.

A. He missed the heel to toe on every step.

Q. That one.

A. The short, choppy turn.

Q. Two.

A. And he raise his arms up to his side, from his side.

Q. *Three. Give me another five.*

A. *That's the extent of what I can provide you today.*

Q. *Give me the other 5.*

A. *That's the extent of what I can provide you for the information today.*  He performed the test, he did not do the test as described and he was marked as failed.

Q. Okay, so what studies have they done and published that shows the way you did your test, is there any?

A.  That's what I was trained to do in the Academy.  I demonstrated it exactly the way I was trained to do in the Academy.

Q. I asked you to tell me the clues.  You told me there was eight clues.  You told the District Attorney there's eight clues.  Tell me the eight clues.  So far I've

6

heard three.  What are the other five clues that you look for?  You said on your
paperwork under the penalties of perjury that my client had eight clues on the
walk and turn?

A.  That is correct.

Q. *Tell me the eight clue*s.

A.  *I can't.*  (underline)emphasis added(/underline).

~~29.~~28.      As for the remaining standard field sobriety test, the one leg stand Defendant
Colton testified, on cross examination by the defense counsel as follows at the
suppression hearing:

Q. So the next one.  Tell me about the one leg stand.  How many clues are there?

A.  Four.

Q. What are the clues?

A. Okay.  If he can hold his foot up, as described.  His arms need to stay to his sides.
We also observe for his front to back movement and side movement to remain stable.

Q. Okay.  What else?

A. If he puts his foot down it's a fail.

Q. You already said that, hold his foot up.  That's three, what's four?

A.  I explained to you what tests, how we perform the tests, which is a fail.  That's all
the information I can provide you with.

Q.  Under penalty's perjury you singed this document that says that my client had
four clues.  Tell me what the four clues are that you observed.

A.  I observed him unable to hold his foot up, put his foot down on four separate
occasions, unable to keep his arms to his sides.  That's the information I have as to
why he failed that test.

~~30.~~29.      The only remaining field test Defendant Colton preformed on Plaintiff was the

Romberg test where they ask the suspect to estimate thirty seconds.  However, Plaintiff

testified on cross examination by Defense Counsel that the Romberg test is not a standardize field sobriety test.

31. 30.     After completing the deficient field sobriety tests, as factually alleged above, Defendant Colton asked Plaintiff to take a field breathalyzer which he refused, as he was entitled to do so as Defendant Colton had failed to establish the required probable cause to do so because of the defective field sobriety tests.

32. 31.     Therefore, Defendant Colton placed Plaintiff under arrest for common law DWI a violation of New York Vehicular and Traffic Law § 1192 (3).

33. 32.     Additionally, Plaintiff readily believes he passed these field sobriety tests, Defendant Colton's instructions were difficult to understand and the area where the tests performed was not level.

34. 33.     Plaintiff was placed in handcuffs, against his will and was cognizant of the detainment.

35. 34.     According to the Computer Aided Dispatch notes, after conducting the field sobriety tests and arresting Plaintiff, at 9:49:57 pm the results of Plaintiff's background check revealed that he only had one prior driver license suspension for failure to answer a court summons and had never had his driver's license suspended for any violations of the DWI sections of the New York's Vehicular and Traffic Law.  See, §§ 1192 and 1194.

36. 35.     Additionally, before Plaintiff had informed Defendant Colton that he wanted a blood test, she said that Plaintiff would be processed at the station and then he would be free to go.

37. 36.     Defendant Colton transported Plaintiff to the State Police barracks in Schuyler, New York.

38.37.     Upon arriving at the station, upon information and belief Defendant Colton

completed the CPL § 710.30 Notice.  A true copy is attached hereto as **Exhibit A**.

39.38.     Importantly, Defendant Colton recorded the conversation at the arrest scene and

did not check either of the two boxes stating "Had Prior Alcohol Convictions" or "Is

Currently DWl Susp/Revoc".

40.39.     Plaintiff was subject to a breathalyzer test that generated a result of 0.22% blood

alcohol content.

41.40.     Plaintiff when hearing the results of the breathalyzer test could not believe they

were accurate so he asked to talk to his attorney, John Leonard, Esq., whom he called.

42.41.     During the call Defendant Colton, also spoke with Attorney Leonard, where he

informed her not to speak to his client about the arrest and Defendant Colton, testified she

acquiesced to the request.

43.42.     During said call Defendant Colton, also said to Attorney Leonard that Plaintiff

would be released unless there was a felony DUI arrest.

44.43.     Additionally, according to Defendant Colton's own CPL § 710.30 Notice and

testimony at the suppression hearing she did not have any conversations with Plaintiff

about his arrest at the station.

45.44.     Additionally, during the call Attorney Leonard informed the Defendant Colton

that he was sending a phlebotomist to the station to collect Plaintiff's blood due to the

unreliable breathalyzer test.

46.45.     Defendant Colton testified at the suppression hearing that a phlebotomist did

appear at the station to collect Plaintiff's blood for future testing.

9

47.46.      Upon information and belief Defendant Colton then, under penalty of perjury,

filed a false felony complaint to prevent Plaintiff from being released and getting his own

independent test of his blood.

48.47.      The felony complaint is attached hereto as **Exhibit B**.  Additionally it states, in

part;

> "Further factual allegations in support of the charges are set forth in the
> Supporting Deposition and DWI Bill of Particulars and 710.30 Notice
> filed with the court herewith or heretofore.
>
> The allegations that the defendant has previously been convicted of a New
> York State Vehicle and Traffic Law Section 1192 offense and/or that the
> defendant's license or operating privilege in New York State has been
> suspended/revoked is based on the following:
>
>> [*] A computer check with the New York State Department of
>> Motor Vehicles records access through the NYSPIN computer system;
>>
>> [*] The defendant's oral admission to the previous conviction
>> and/or suspension/revocation of license or operating privilege;…"

49.48.      However, as factually plead above Defendant Colton testified she never talked to

Plaintiff about any such suspensions and the Defendant Colton's own CPL § 710.30

Notice fails to state any.

50.49.      Furthermore, Defendant Colton testified during the suppression hearing she relied

on the Department of Motor Vehicles license search for Plaintiff to establish his alleged

prior driver's license suspension.

51.50.      However, a search of Plaintiff's driving records with the Department of Motor

Vehicles revealed no such suspensions.

52.51.      In addition to the felony complaint Defendant Colton filed against Plaintiff, she

filed the other accusatory instruments against Plaintiff which are depicted in **Exhibit C**.

10

53.52.　　Plaintiff was then transported to the Utica Police Department to be held in lock-up.

54.53.　　Plaintiff was arraigned on the aforementioned charges and bailed out the next day.

55.54.　　According to the testimony of Defendant Colton, Defendant Trooper Charles Humphreyville and Kristine Weston substantially participated in the arrest and prosecution of Plaintiff.

56.55.　　Plaintiff had to retain Counsel to represent him on the aforementioned charges.

57.56.　　As a result of Defendant's intentional unconstitutional malicious act of filing false accusatory instrumentsfabricating evidence against Plaintiff, Plaintiff lost his drivers license due to the prompt suspension law of New York State until the charges were dismissed.

58.57.　　The aforementioned suspension as a result of the aforementioned charges restrained Plaintiff's ability to travel freely constituting a seizure of his person.

59.58.　　Plaintiff did appear in court ten times in connection with this criminal prosecution.

60.59.　　At all relevant times herein, Plaintiff suffered a liberty restraint on his constitutional rights due to the intentional acts and/or omissions by Defendants.

61.60.　　At all relevant times herein, all named Defendants directly participated in the initiation and continuation of criminal proceedings against Plaintiff.

62.61.　　The above mention acts were an unconstitutional seizure depriving Plaintiff of the use and enjoyment of his persons, papers, and effects in violation of the United States ConstitutionFourth Amendment.

11

63.62.    The above mentioned acts deprived Plaintiff of Constitutionally protected liberty interests.

64.63.    As a result of the aforementioned criminal prosecution Plaintiff was seized within the meaning of the Fourth Amendment.

65.64.    The above mentioned acts caused Plaintiff to suffer a harm of Constitutional proportions.

66.65.    At all relevant times herein, Defendants malicious prosecuted fabricated evidence against Plaintiff in bad faith by maliciously, willfully, intentionally, lying under oath in their her police reports and accusatory instruments to create probable cause.

67.66.    At all relevant times herein, all named Defendants directly participated in the initiation and continuation of criminal proceedings against Plaintiff.

68.67.    The said charges and subsequent prosecution were not supported by probable cause.

68.    The said charges and subsequent prosecution were not supported by arguable probable cause.

69.   Defendant intentionally filed a fabricated the Supporting Deposition/DWI Bill of Particulars, a true copy of which is attached hereto as **Exhibit F.**

> **Formatted:** Font: Bold

70.   The Utica City Court found there was articulable/reasonable suspicion for the vehicle stop, but there was no probable cause for the subsequent DUI investigation and suppressed all of the evidence therein.  A true copy of the Utica City Court Decision and Order published September 18, 2018 is attached hereto as **Exhibit D.**

71. On or about October 5, 2018 Plaintiff plead guilty to the remaining unsafe lane change charge and the remainder of the charges were dismissed. A true copy of the guilty plea to the unsafe lane change is attached hereto as **Exhibit E**.

72. The aforementioned dismissal was a termination in Plaintiff's favor for purposes of a fabrication of evidence claim.

73. The aforementioned criminal prosecution, confinement and damages Plaintiff sustained as a result thereof, was proximately caused by the intentional acts of the Defendant.

74. At all relevant times, based on the facts as pled above, Defendants intentionally falsely arrested and maliciously prosecuted Plaintiff in violation of his clearly established Fourth Amendment rights and Plaintiff brings this claim under 42 USC § 1983 to remedy this Constitutional violation which caused conscious pain and suffering, attorneys fees, loss of employment, impound fees, towing fees, lost wages, lost benefits of employment, loss of driving privileges/license, emotional harm, mental anguish, loss of freedom, loss of liberty, loss of pursuit of happiness, loss of the use and enjoyment of his property, loss of enjoyment of hobbies, and loss of Fourth Amendment rights.

**AS AND FOR A SECOND CAUSE OF ACTION
A FEDERAL CLAIM OF FALSE ARREST IN VIOLATION OF THE FOURTH
AMENDMENT BROUGHT UNDER § 1983 AGAINST DEFENDANTS KIMBERLY
COLTON, CHARLES HUMPHREYVILLE, KRISTINE WESTON IN THEIR
INDIVIDUAL CAPACITIES**

75. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

76. Plaintiff was not free to leave.

77. Plaintiff was conscious of the confinement by Defendants.

13

78. Plaintiff did not consent to the confinement by Defendants.

79. Defendant intentionally confined Plaintiff without probable cause and/or arguable probable cause.

80. Defendants' confinement of Plaintiff was not otherwise privileged.

81. The aforementioned confinement was proximately caused by the intentional acts of the Defendants executed under color of law.

82. At all relevant times, based on the facts as pled above, Defendants intentionally falsely arrested and maliciously prosecuted Plaintiff in violation of his clearly established Fourth Amendment rights and Plaintiff brings this claim under 42 USC § 1983 to remedy this Constitutional violation which caused conscious pain and suffering, attorneys fees, loss of employment, impound fees, towing fees, lost wages, lost benefits of employment, loss of driving privilege/license, emotional harm, mental anguish, loss of freedom, loss of liberty, loss of pursuit of happiness, loss of the use and enjoyment of his property, loss of enjoyment of hobbies, and loss of Fourth Amendment rights.

**AS AND FOR A THIRD CAUSE OF ACTION**
**A FEDERAL CLAIM OF FABRICATION OF EVIDENCE IN VIOLATION OF THE FOURTEENTH, FIFTH AND SIXTH AMENDMENTS BROUGHT UNDER § 1983 AGAINST DEFENDANTS KIMBERLY COLTON, CHARLES HUMPHREYVILLE, KRISTINE WESTON IN THEIR INDIVIDUAL CAPACITIES**

83. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of each of the foregoing paragraphs as if fully incorporated.

84.74.     As factually pled above in the foregoing paragraphs, at all relevant times herein, Defendants were was an investigating officials – i.e. sworn New York State Police Troopers.

14

85.75.    As factually plead and detailed in the foregoing paragraphs, Defendants fabricated

evidence to support a DWI criminal prosecution as well as the evidence concerning

Plaintiff's sobriety.

86.76.    As factually plead and detailed in the foregoing paragraphs, the nature of this

fabricated evidence would influence a jury's decision in a criminal trial because of the

impeachment and/or probative (or lack thereof) value against Defendants, the evidence

concerning Plaintiff's sobriety and the fabricated felony complaint to prevent Plaintiff

from gathering his own evidence in defense of his criminal case.

87.77.    As factually plead and detailed in the foregoing paragraphs, Defendants

forwarded this false information to prosecutors from the Oneida County District

Attorney's office, upon information and belief, including but not limited the following

documents: **Exhibit B** – the felony complaint attached hereto, **Exhibit C** – the

informations attached hereto, and **Exhibit F -** the Supporting Deposition/DWI Bill of

Particulars.

88.78.    As factually plead and detailed in the foregoing paragraphs, Plaintiff suffered

numerous deprivations of liberty as a result of this fabricated evidence.

79. Defendants' actions and/or inactions caused Plaintiff to suffer the harms complained of

herein.

80. Defendant actions where intentional and not a mistakes because as an experience state

trooper for eighteen years, four years of which she was DWI trooper of the year, the

following could not have been mistakes, but rather intentional fabrications :

a.   Stating that Plaintiff had glassy eyes in the Supporting Deposition/DWI Bill of

Particulars when in fact he did not (See **Exhibit F**);

15

b.  Stating that Plaintiff had impaired motor coordination in the Supporting
    Deposition/DWI Bill of Particulars when he in fact did not (See **Exhibit F**);

c.  Stating that she correctly performed an HGN field test in the Supporting
    Deposition/DWI Bill of Particulars, when in fact she could not even define the
    term Gaze Nystagmus, state which Gaze Nystagmus test she performed, nor
    properly conduct the test but nevertheless stated that she observed six clues when
    she should not even be conducting the test (See **Exhibit F).**

d.  Stating that she observed all eight clues on the standard walk and turn field
    sobriety test in the Supporting Deposition/DWI Bill of Particulars but could only
    list three actual clues of the test on cross-examination (See **Exhibit F**);

e.  Stating that she observer all four cluse of the standard one leg stand field sobriety
    test in the Supporting Deposition/DWI Bill of Particulars but could not list all
    four clues of the test on cross-examination (see **Exhibit F**);

f.  Filing a false felony complaint (see **Exhibit B**) stating that Plaintiff's computer
    check and verbal admission had prior DWI convictions or driver license
    suspensions which contradicted her prior CPL 710.30 notice (See **Exhibit A**) and
    prior Computer Aided Dispatch notes because Defendant only lodged the felony
    complaint upon learning that a phlebotomist was there to collect Plaintiff's blood
    and thus needed to fabricate a charge high enough to hold him so as to prevent the
    collection of Plaintiff's blood by the independent phlebotomist;  In fact, before
    Defendant knew that Plaintiff wanted a blood test she told Plaintiff and his
    attorney that he would be free to go;

89.g.    The Utica City Court which has the jurisdiction to find facts on a
suppression hearing stated that following concerning Defendant's testimony:
"The testimony quoted above provides examples but does not adequately capture
Colton's *equivocation*, failure of memory, and *lack of candor*.  Her testimony
regarding probable cause was neither reliable *nor credible.  Her recall was
selective and self-serving*." (See **Exhibit D**).  Such a finding by the Utica City
Court, who is the Court charged with making such a credibility determination
found intentional culpability on behalf of the Defendant.

90.81.    At all relevant times, based on the facts as pled above, Defendants intentionally
fabricated evidence against Plaintiff in violation of his clearly established Fifth, Sixth,
and Fourteenth Amendment rights and Plaintiff brings this claim under 42 USC § 1983 to
remedy this Constitutional violation which caused conscious pain and suffering, attorneys
fees, loss of employment, lost wages, lost benefits of employment, loss of driving
privilege/license, emotional harm, mental anguish, loss of freedom, impound fees, towing
fees, loss of liberty, loss of pursuit of happiness, loss of the use and enjoyment of his
property, loss of enjoyment of hobbies, and loss of Fifth, Sixth, and Fourteenth
Amendment rights.

**IN THE ALTERNATIVE FOR A FOURTH CAUSE OF ACTION
A 42 USC § 1983 CLAIM OF FAILURE TO INTERVENE AGAINST DEFENDANTS
CHARLES HUMPHREYVILLE, AND KRISTINE WESTON IN THEIR INDIVIDUAL
CAPACITIES**

91. Plaintiff repeats, restates and re-alleges with the same force and effect the allegations of
each of the foregoing paragraphs as if fully incorporated.

92. Based on the facts as plead above, at all relevant times the above named Defendants had
a reasonable opportunity to intervene with the unconstitutional prosecution of Plaintiff.

17

93. In fact the record details that the Defendants encouraged and actively participated in the unconstitutional prosecution of Plaintiff.

94. At all relevant times, based on the facts as pled above, all named Defendants failed to intervene when Plaintiff's clearly established Fourth, Fifth, Sixth, and Fourteenth Amendment Constitutional Rights where being violated and Plaintiff brings this claim under 42 USC § 1983 to remedy these Constitutional violations which caused conscious pain and suffering, attorneys fees, loss of employment, lost wages, lost benefits of employment, loss of driving privileges/license, emotional harm, mental anguish, loss of freedom, impound fees, towing fees, loss of liberty, loss of pursuit of happiness, loss of the use and enjoyment of his property, loss of enjoyment of hobbies, and loss of Fourth Fifth, Sixth, and Fourteenth Amendment rights.

**WHEREFORE**, Plaintiff demands judgment against all the Defendants, each of them, jointly and severally, for as follows:

  A. Monetary compensatory damages to be determined by a jury, including but not limited to, conscious pain and suffering, attorneys fees, loss of employment, lost wages, lost benefits of employment, loss of driving privileges/license, emotional harm, mental anguish, loss of freedom, impound fees, towing fees, loss of liberty, loss of pursuit of happiness, loss of the use and enjoyment of his property, loss of enjoyment of hobbies, and loss of Fourth, Fifth, Sixth, and Fourteenth Amendment rights;

  B. Punitive damages to be determined by a jury;

18

C.  Attorneys fees as part of costs and the costs of this action pursuant to 42 USC

§ 1988;

D.  Such other and further relief as this Court determines to be just, fair,

appropriate, and proper.

## **JURY DEMAND**

Plaintiff demands a jury trial of all claims stated herein.

19

Respectfully submitted,

Dated: April 3, 2020_____, 2022_____                /s/ Zachary C. Oren
                                                            Zachary C. Oren, Esq.
                                                            *Attorney for Plaintiff*
                                                            Federal Bar Roll Number 603001
                                                            401 Rutger Street
                                                            Utica, NY 13501
                                                            Cell:  (570) 441-8818
                                                            Email: z.c.oren@gmail.com


Dated: April 3_____, 20220                      /s/ David Longeretta
                                                            David Longeretta, Esq.
                                                            Law Office of David A.
                                                            Longeretta, PLLC
                                                            *Attorney for Plaintiffs*
                                                            Federal Bar Roll Number 507602
                                                            298 Genesee Street
                                                            Utica, NY 13502
                                                            Tel.: (315) 735-6162

To:  Jonathan Reiner, Esq. (*via CM/ECF filing*)                              Formatted: Font: Italic
     Assistant Attorney General
     Attorney for Defendant

20

# EXHIBIT

# A

710.30 NOTICE

| LOCAL CRIMINAL | COURT: | CITY | OF: | 'UTICA |
|---|---|---|---|---|

| PEOPLE V. | CARRUTHERS | RAYMOND | A | Arrest # |
|---|---|---|---|---|
| | (Last) | (First) | (Middle) | 777229 |

PLEASE TAKE NOTICE THAT THE PEOPLE, PURSUANT TO SECTION 710.30 OF THE CRIMINAL PROCEDURE LAW, INTEND TO USE ALL STATEMENTS OR ADMISSIONS REFLECTED HEREIN MADE BY THE DEFENDANT TO A LAW ENFORCEMENT OFFICIAL.

**A. CONVERSATION AT ARREST SCENE**

Time: **21:31**   Date: **09/04/2017**

To Whom: **TPR KIMBERLY M. COLTON**

DEFENDANT SAID THAT HE/SHE:

[✓] Had been drinking:  How Many   **2**

Type     **BEERS BUDLIGHT**

Where          **CASINO**

[✓] Operated the Vehicle

[ ] Did Not Drink since Operation of Vehicle Ceased

[✓] Was Driving to:        **HOME**

[✓] Was Driving from:      **CASINO**

[ ] Had Prior Alcohol Convictions

[ ] Is Currently DWI Susp/Revoc

[ ] Would Not Take a Screening Test

[ ] Would Not Take a Chemical Test

[ ] AS IN ATTACHMENT HERETO

[ ] OTHER

**B. CONVERSATION AT**

Time:          Date:

To Whom:

DEFENDANT SAID THAT HE/SHE:

[ ] Had been drinking:  How Many

Type

Where

[ ] Operated the Vehicle

[ ] Did Not Drink since Operation of Vehicle Ceased

[ ] Was Driving to:

[ ] Was Driving from:

[ ] Had Prior Alcohol Convictions

[ ] Is Currently DWI Susp/Revoc

[ ] Would Not Take a Screening Test

[ ] Would Not Take a Chemical Test

[ ] AS IN ATTACHMENT HERETO

[ ] OTHER

**C. IDENTIFICATION OF DEFENDANT**

[✓] Confirmation (at or near scene)

[ ] Observation (of operation or upon other occasion)

**D. VIDEO**

[ ] Yes  [✓] No

**E. WARNINGS GIVEN**

DWI Refusal Warning  Time:  **22:05**

Given by:  **TPR KIMBERLY M. COL**

Location  **SP SCHUYLER**

Miranda  Time:  **22:06**

Given by:  **TPR KIMBERLY M. COL**

Location  **SP SCHUYLER**

F. 710.30 Notice served on Defendant

Date: 9/4/17   Officer's Initials   Defendant's Initials

**CONVERSATION NARRATIVE:**

1-0041

# EXHIBIT

# B

LOCAL CRIMINAL COURT
TOWN OF VERONA

STATE OF NEW YORK
COUNTY OF ONEIDA

THE PEOPLE OF THE STATE OF NEW YORK

Vs.

FELONY COMPLAINT

RAYMOND A. CARRUTHERS          DOB  ██████84
                    Defendant

BE IT KNOWN THAT, by this Felony Complaint, Trooper Kimberly M. Colton as the complainant herein, stationed at SP Syracuse, accuses the above mentioned defendant with having committed the following:

[ ] **Driving While Intoxicated; Per Se**, as a Felony, in violation of the New York State Vehicle and Traffic Law section 1192 subdivision 2, in that the defendant operated a motor vehicle while having .08 of one per centum or more by weight in the person's blood as shown by chemical analysis of such person's blood, breath, urine, or saliva, made pursuant to the provisions of section eleven hundred ninety-four of this article, and that, within the ten years preceding the present offense, the defendant was convicted of a violation of the New York State Vehicle and Traffic Law section 1192 subdivision 2, subdivision 3, or subdivision 4.

[ ] **Driving While Intoxicated**, as a Felony, in violation of the New York State Vehicle and Traffic Law section 1192 subdivision 3, in that the defendant operated a motor vehicle while in an intoxicated condition, and that, within the ten years preceding the present offense, the defendant was convicted of a violation of the New York State Vehicle and Traffic Law section 1192 subdivision 2, subdivision 3, or subdivision 4.

[X] **Aggravated Unlicensed Operation in the First Degree**, in violation of the New York State Vehicle and Traffic Law section 511 subdivision 3a, in that the defendant operated a motor vehicle while knowing or having reason to know that his or her license or privilege of operating such motor vehicle in this state, or his or her privilege of obtaining a license to operate such motor vehicle issued by the Commissioner of Motor Vehicles, was suspended or revoked, and said suspension or revocation was based either upon the defendant's refusal to submit to a chemical test pursuant to the New York State Vehicle and Traffic Law section 1194 or upon a violation of any of the provisions of the New York State Vehicle and Traffic Law section 1192, and said operation occurred while the defendant was under the influence of alcohol or a drug in violation of the New York State Vehicle and Traffic Law section 1192 subdivision 1, subdivision 2, subdivision 3, subdivision 4, or subdivision 5.

The aforementioned crime was committed on November 13, 2015 at 9:40pm. Further factual allegations in support of the charges are set forth in the Supporting Deposition and DWI Bill of Particulars and 710.30 Notice filed with the court herewith or heretofore.

The allegations that the defendant has previously been convicted of a New York State Vehicle and Traffic Law section 1192 offense and/or that the defendant's license or operating privilege in New York State has been suspended/revoked is based on the following:



[X] A computer check with the New York State Department of Motor Vehicles records accessed through the NYSPIN computer system.



[X] The defendant's oral admission to the previous conviction and/or suspension/revocation of license or operating privilege.

[ ] Certificate of conviction from court or the New York State Department of Motor Vehicles.

In a written instrument, any person who knowingly makes a false statement which such person does not believe to be true has committed a crime under the laws of the State of New York punishable as a Class A Misdemeanor. (PL Section 210.45)

Affirmed under penalty of perjury
this 4th day of September, 2017

_____
New York State Police

# EXHIBIT

# C

New York State - Department of Motor Vehicles

**SIMPLIFIED INFORMATION/CERTIFICATE CONCERNING VIOLATION OF LAW RELATING TO VEHICLES**

# M2117C6LTX

| POLICE AGENCY | | |
|---|---|---|

The people of The State of New York
VS.

**NEW YORK STATE POLICE**

Local Police Code

| Last Name (Defendant) **CARRUTHERS** | First Name **RAYMOND** | M.I. **A** |
|---|---|---|

| Number and Street **48 LESLIE AVE** | | Photo Lic Shown **Yes** |
|---|---|---|

| City **UTICA** | State **NY** | Zip Code **13502** | Oper.Owns Veh **Y** | Lic. Class |
|---|---|---|---|---|

| Client ID Number **412105932** | | | Sex **M** | Date Expires **07/24/2024** |
|---|---|---|---|---|

| Lic. State **NY** | Date of Birth **84** | Veh. Type **1 - Passenger** | Year **2012** | Make **CHEV** | Color **GY** |
|---|---|---|---|---|---|

| Plate Number **HNT4077** | Reg. State **NY** | Registration Expires **11/25/2018** |
|---|---|---|

Date of Arraignment

| Court Adjournment Record | Docket Number **CR-09069-17** |
|---|---|

| Date From | Code | Date to | Requested By |
|---|---|---|---|

| | | Amount | Date | Receipt No. |
|---|---|---|---|---|
| Bail | | | | |
| Refund | | | | |
| Fine | | | | |
| Surcharge | | | | |

## THE PERSON DESCRIBED ABOVE IS CHARGED AS FOLLOWS

| Time **09:23 PM** | Date **09/04/2017** | IN VIOLATION OF **VTL** |
|---|---|---|

| Violation Section **11923** | | Tr Inf/Misd/Fel **Misdemeanor** | MPH | MPH Zone |
|---|---|---|---|---|

| Description of Violation **DRIVING WHILE INTOXICATED (MISD)** | US DOT# | |
|---|---|---|

| C/T/V Name **CITY OF UTICA - 3302** | Com Veh | Bus | Haz Mat |
|---|---|---|---|

| Street Name **I90 MPM 233.4E** | County **Oneida** | Hwy Type **1 -** | NCIC/ORI **13302** |
|---|---|---|---|

| | Hwy. No. **90** | Loc. Code **3302** |
|---|---|---|

*Kimberly M. Colton*

Officer's Signature Affirmed Under Penalty of Perjury

Officer Operating Radar Signature

| Date Affirmed **09/04/2017** | Off Assign **T311** | Badge/Shiel **1200** | Arrest Type **1 - PATROL** |
|---|---|---|---|

| Officer's Name **K COLTON** | | | |
|---|---|---|---|

## THIS MATTER IS SCHEDULED TO BE HANDLED ON THE APPEARANCE DATE BELOW IN:

Utica City Court

| Address **411 ORISKANY ST. WEST** | | |
|---|---|---|

| City **UTICA** | State **NY** | Zip **13502** |
|---|---|---|

| Must appear in person on: | Date **09/13/2017** | Time **09:00:00 A** |
|---|---|---|

### SECTION 1807 OF THE VEHICLE AND TRAFFIC LAW PROVIDES THAT DEFENDANT, IN CERTAIN CASES,MUST BE INFORMED IN SUBSTANCE AS FOLLOWS:

"A plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motorcycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law."

To Judges or Clerk of Court: Checkmark the appropriate box or boxes below.

I HEREBY CERTIFY THAT:

☐ Upon arraignment, that the above instruction was given orally to the defendant

☐ The defendant appeared in response to a ticket upon which the above instructions were printed in bold type, in accordance with Section 1807 of the Vehicle and Traffic Law.

☐ Defendant entered a plea of guilty in writing pursuant to Section 1805 of the Vehicle and Traffic Law.

| Signature of Judge or Clerk of Court | Date |
|---|---|

Name of Judge

## FOR COURT USE ONLY

| Court Code **NY032031J** | Justice Code | Date Adjudicated | Date Sentenced Imposed |
|---|---|---|---|

| Charge Convicted of **AS ABOVE VTL OTHER** | Disposition/Sentence | Fine Amt |
|---|---|---|
| | | Surcharge |

| Bail Forfeiture Amt | Date | License | |
|---|---|---|---|
| | | Rev Susp Mand Perm | Month/Day/Yrs |

| DWI Test Type **1** | DWI Test Results **22** |
|---|---|

Supporting Deposition Issued **None**

New York State - Department of Motor Vehicles

**SIMPLIFIED INFORMATION/CERTIFICATE CONCERNING VIOLATION OF LAW RELATING TO VEHICLES**

**FOR FELONY TRACKING PURPOSES ONLY / NOT AN ACCUSATORY INSTRUMENT**

# M2117C6MJF

| | | |
|---|---|---|
| The people of The State of New York VS. | POLICE AGENCY **NEW YORK STATE POLICE** | Date of Arraignment |
| | Local Police Code | Court Adjournment Record |
| Last Name (Defendant) **CARRUTHERS** | First Name **RAYMOND** | M.I. **A** |
| Number and Street **48 LESLIE AVE** | | Photo Lic Shown **Yes** |
| City **UTICA** | State **NY** | Zip Code **13502** | Oper Owns Veh **Y** | Lic. Class |
| Client ID Number **412105932** | | Sex **M** | Date Expires **07/24/2024** |
| Lic. State **NY** | Date of Birth ▮▮▮84 | Veh. Type **1 - Passenger** | Year **2012** | Make **CHEV** | Color **GY** |
| Plate Number **HNT4077** | Reg. State **NY** | Registration Expires **11/25/2018** |

Docket Number **CR-09069-17**

| Date From | Code | Date to | Requested By |
|---|---|---|---|
| | | | |

## THE PERSON DESCRIBED ABOVE IS CHARGED AS FOLLOWS

| Time **09:23 PM** | Date **09/04/2017** | IN VIOLATION OF **VTL** |
|---|---|---|
| Violation Section **5113A** | Tr Inf/Misd/Fel **Felony** | MPH | MPH Zone |
| Description of Violation **AGGRAVATED UNLIC OPER 1ST DEGREE** | US DOT# | | |
| C/T/V Name **CITY OF UTICA - 3302** | Com Veh | Bus | Haz Mat |
| | County **Oneida** | Hwy Type **1 -** | NCIC/ORI **13302** |
| Street Name **I90 MPM 233.4E** | Hwy. No. **90** | Loc. Code **3302** | |

| | Amount | Date | Receipt No. |
|---|---|---|---|
| Bail | | | |
| Refund | | | |
| Fine | | | |
| Surcharge | | | |

*Kimberly M. Colton*

Officer's Signature Affirmed Under Penalty of Perjury

**SECTION 1807 OF THE VEHICLE AND TRAFFIC LAW PROVIDES THAT DEFENDANT, IN CERTAIN CASES, MUST BE INFORMED IN SUBSTANCE AS FOLLOWS:**

"A plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motorcycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law."

To Judges or Clerk of Court: Checkmark the appropriate box or boxes below.

I HEREBY CERTIFY THAT:

Officer Operating Radar Signature

| Date Affirmed **09/04/2017** | Off Assign **T311** | Badge/Shiel **1200** | Arrest Type **1 - PATROL** |
|---|---|---|---|

Officer's Name **K COLTON**

☐ Upon arraignment, that the above instruction was given orally to the defendant

## THIS MATTER IS SCHEDULED TO BE HANDLED ON THE APPEARANCE DATE BELOW IN:

| Utica City Court | | |
|---|---|---|
| Address **411 ORISKANY ST. WEST** | | |
| City **UTICA** | State **NY** | Zip **13502** |
| **Must appear in person on:** | Date **09/13/2017** | Time **09:00:00 A** |

☐ The defendant appeared in response to a ticket upon which the above instructions were printed in bold type, in accordance with Section 1807 of the Vehicle and Traffic Law.

☐ Defendant entered a plea of guilty in writing pursuant to Section 1805 of the Vehicle and Traffic Law.

## FOR COURT USE ONLY

| Court Code **NY032031J** | Justice Code | Date Adjudicated | Date Sentenced Imposed |
|---|---|---|---|
| Charge Convicted of **AS ABOVE VTL OTHER** | | Disposition/Sentence | Fine Amt |
| | | | Surcharge |
| Bail Forfeiture Amt | Date | License | |
| | | Rev Susp Mand Perm | Month/Day/Yrs |
| DWI Test Type | | DWI Test Results | |

| Signature of Judge or Clerk of Court | Date |
|---|---|
| | |

Name of Judge

Supporting Deposition Issued  **None**

New York State - Department of Motor Vehicles

**SIMPLIFIED INFORMATION/CERTIFICATE CONCERNING VIOLATION OF LAW RELATING TO VEHICLES**

# M2117C6T7N

| POLICE AGENCY | | Date of Arraignment | |
|---|---|---|---|
| The people of The State of New York VS. | **NEW YORK STATE POLICE** Local Police Code | Court Adjournment Record | Docket Number **CR-09069-17** |

| Last Name (Defendant) **CARRUTHERS** | First Name **RAYMOND** | M.I. **A** | | | | |
|---|---|---|---|---|---|---|
| Number and Street **48 LESLIE AVE** | | Photo Lic Shown **Yes** | Date From | Code | Date to | Requested By |
| City **UTICA** | State **NY** | Zip Code **13502** | Oper Owns Veh **Y** | Lic. Class | | |
| Client ID Number **412105932** | | | Sex **M** | Date Expires **07/24/2024** | | |
| Lic. State **NY** | Date of Birth ██████84 | Veh. Type **1 - Passenger** | Year **2012** | Make **CHEV** | Color **GY** | |
| Plate Number **HNT4077** | Reg. State **NY** | Registration Expires **11/25/2018** | | | | |

| | Amount | Date | Receipt No. |
|---|---|---|---|
| Bail | | | |
| Refund | | | |
| Fine | | | |
| Surcharge | | | |

## THE PERSON DESCRIBED ABOVE IS CHARGED AS FOLLOWS

| Time **09:23 PM** | Date **09/04/2017** | IN VIOLATION OF **VTL** | |
|---|---|---|---|
| Violation Section **11941B** | Tr Inf/Misd/Fel **Infraction** | MPH | MPH Zone |
| Description of Violation **REFUSAL TO TAKE BREATH TEST** | US DOT# | | |
| C/T/V Name **CITY OF UTICA - 3302** | Com Veh | Bus | Haz Mat |
| Street Name **I90 MPM 233.4E** | County **Oneida** | Hwy Type **1 -** | NCIC/ORI **13302** |
| | Hwy. No. **90** | Loc. Code **3302** | |

*Kimberly M. Colton*

Officer's Signature Affirmed Under Penalty of Perjury

Officer Operating Radar Signature

| Date Affirmed **09/05/2017** | Off Assign **T311** | Badge/Shiel **1200** | Arrest Type **1 - PATROL** |
|---|---|---|---|
| Officer's Name **K COLTON** | | | |

**SECTION 1807 OF THE VEHICLE AND TRAFFIC LAW PROVIDES THAT DEFENDANT, IN CERTAIN CASES, MUST BE INFORMED IN SUBSTANCE AS FOLLOWS:**

"A plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motorcycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law."

To Judges or Clerk of Court: Checkmark the appropriate box or boxes below.

I HEREBY CERTIFY THAT:

☐ Upon arraignment, that the above instruction was given orally to the defendant

☐ The defendant appeared in response to a ticket upon which the above instructions were printed in bold type, in accordance with Section 1807 of the Vehicle and Traffic Law.

☐ Defendant entered a plea of guilty in writing pursuant to Section 1805 of the Vehicle and Traffic Law.

## THIS MATTER IS SCHEDULED TO BE HANDLED ON THE APPEARANCE DATE BELOW IN:

| Utica City Court | | |
|---|---|---|
| Address **411 ORISKANY ST. WEST** | | |
| City **UTICA** | State **NY** | Zip **13502** |
| **Return by mail before or in person on:** | Date **09/13/2017** | Time **09:00:00 A** |

| Signature of Judge or Clerk of Court | Date |
|---|---|
| Name of Judge | |

## FOR COURT USE ONLY

| Court Code **NY032031J** | Justice Code | Date Adjudicated | Date Sentenced Imposed |
|---|---|---|---|
| Charge Convicted of AS ABOVE VTL OTHER | | Disposition/Sentence | Fine Amt / Surcharge |
| Bail Forfeiture Amt | Date | License Rev Susp Mand Perm | Month/Day/Yrs |
| DWI Test Type | | DWI Test Results | |
| Supporting Deposition Issued  **None** | | | |

New York State - Department of Motor Vehicles
### SIMPLIFIED INFORMATION/CERTIFICATE CONCERNING VIOLATION OF LAW RELATING TO VEHICLES

17C6LK7

| POLICE AGENCY | | Date of Arraignment | | |
|---|---|---|---|---|
| **NEW YORK STATE POLICE** | | Court Adjournment Record | | Docket Number |
| ...ple of The State of New York | | | | **CR-09069-17** |
| Local Police Code | | | | |

| Name (Defendant) | | | | |
|---|---|---|---|---|
| **ARRUTHERS** | | | | |

| First Name | M.I. | | | |
|---|---|---|---|---|
| **RAYMOND** | **A** | | | |

| Number and Street | | Photo Lic Shown | Date From | Code | Date to | Requested By |
|---|---|---|---|---|---|---|
| **48 LESLIE AVE** | | **Yes** | | | | |

| City | State | Zip Code | Oper Owns Veh | Lic. Class |
|---|---|---|---|---|
| **UTICA** | **NY** | **13502** | **Y** | |

| Client ID Number | | Sex | Date Expires |
|---|---|---|---|
| **412105932** | | **M** | **07/24/2024** |

| Lic. State | Date of Birth | Veh. Type | Year | Make | Color |
|---|---|---|---|---|---|
| **NY** | **07___84** | **1 - Passenger** | **2012** | **CHEV** | **GY** |

| Plate Number | Reg. State | Registration Expires |
|---|---|---|
| **HNT4077** | **NY** | **11/25/2018** |

|  | Amount | Date | Receipt No. |
|---|---|---|---|
| Bail | | | |
| Refund | | | |
| Fine | | | |
| Surcharge | | | |

### THE PERSON DESCRIBED ABOVE IS CHARGED AS FOLLOWS

| Time | Date | IN VIOLATION OF |
|---|---|---|
| **09:23 PM** | **09/04/2017** | VTL |

| Violation Section | Tr Inf/Misd/Fel | MPH | MPH Zone |
|---|---|---|---|
| **1128A** | **Infraction** | | |

| Description of Violation | US DOT# | | |
|---|---|---|---|
| **MOVED FROM LANE UNSAFELY** | Com Veh | Bus | Haz Mat |

| C/T/V Name | County | Hwy Type | NCIC/ORI |
|---|---|---|---|
| **CITY OF UTICA - 3302** | **Oneida** | **1 -** | **13302** |

| Street Name | Hwy. No. | Loc. Code |
|---|---|---|
| **I90 MPM 233.4E** | **90** | **3302** |

*Kimberly M. Colton*

Officer's Signature Affirmed Under Penalty of Perjury

Officer Operating Radar Signature

| Date Affirmed | Off Assign | Badge/Shiel | Arrest Type |
|---|---|---|---|
| **09/04/2017** | **T311** | **1200** | **1 - PATROL** |

| Officer's Name |
|---|
| **K COLTON** |

### THIS MATTER IS SCHEDULED TO BE HANDLED ON THE APPEARANCE DATE BELOW IN:

Utica City Court

| Address |
|---|
| **411 ORISKANY ST. WEST** |

| City | State | Zip |
|---|---|---|
| **UTICA** | **NY** | **13502** |

| | Date | Time |
|---|---|---|
| **Return by mail before or in person on:** | **09/13/2017** | **09:00:00 A** |

### FOR COURT USE ONLY

| Court Code | Justice Code | Date Adjudicated | Date Sentenced Imposed |
|---|---|---|---|
| **NY032031J** | | | |

| Charge Convicted of AS ABOVE VTL OTHER | Disposition/Sentence | Fine Amt |
|---|---|---|
| | | Surcharge |

| Bail Forfeiture Amt | Date | License |
|---|---|---|
| | | Rev Susp Mand |
| | | Perm |

| DWI Test Type | DWI Test Results |
|---|---|
| | |

| Supporting Deposition Issued  **None** |
|---|

SECTION 1807 OF THE VEHICLE AND TRAFFIC LAW PROVIDES THAT DEFENDANT, IN CERTAIN CASES, MUST BE INFORMED IN SUBSTANCE AS FOLLOWS:

"A plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motorcycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law."

To Judges or Clerk of Court: Checkmark the appropriate box or boxes below.

I HEREBY CERTIFY THAT:

☐ Upon arraignment, that the above instruction was given orally to the defendant

☐ The defendant appeared in response to a ticket upon which the above instructions were printed in bold type, in accordance with Section 1807 of the Vehicle and Traffic Law.

☐ Defendant entered a plea of guilty in writing pursuant to Section 1805 of the Vehicle and Traffic Law.

| Signature of Judge or Clerk of Court | Date |
|---|---|
| | |

| Name of Judge |
|---|
| | |

1-0006

New York State - Department of Motor Vehicles

**SIMPLIFIED INFORMATION/CERTIFICATE CONCERNING VIOLATION OF LAW RELATING TO VEHICLES**

# M2117C6MDK

| | | | |
|---|---|---|---|
| | POLICE AGENCY | Date of Arraignment | |
| The people of The State of New York | **NEW YORK STATE POLICE** | Court Adjournment Record | Docket Number **CR-09069-17** |
| VS. | Local Police Code | | |
| Last Name (Defendant) **CARRUTHERS** | First Name **RAYMOND** | M.I. **A** | |

| Number and Street **48 LESLIE AVE** | | | Photo Lic Shown **Yes** |
|---|---|---|---|

| City **UTICA** | State **NY** | Zip Code **13502** | Oper Owns Veh **Y** | Lic. Class |
|---|---|---|---|---|

| Client ID Number **412105932** | | | Sex **M** | Date Expires **07/24/2024** |
|---|---|---|---|---|

| Lic. State **NY** | Date of Birth **( )/1984** | Veh. Type **1 - Passenger** | Year **2012** | Make **CHEV** | Color **GY** |
|---|---|---|---|---|---|

| Plate Number **HNT4077** | Reg. State **NY** | Registration Expires **11/25/2018** |
|---|---|---|

| Date From | Code | Date to | Requested By |
|---|---|---|---|
| | | | |

| | Amount | Date | Receipt No. |
|---|---|---|---|
| Bail | | | |
| Refund | | | |
| Fine | | | |
| Surcharge | | | |

## THE PERSON DESCRIBED ABOVE IS CHARGED AS FOLLOWS

| Time **09:23 PM** | Date **09/04/2017** | IN VIOLATION OF **VTL** | | |
|---|---|---|---|---|
| Violation Section **11922AA** | | Tr Inf/Misd/Fel **Misdemeanor** | MPH | MPH Zone |
| Description of Violation **AGGRAVATED DWI-BLOOD ALCOHOL** | | US DOT# | | |
| C/T/V Name **CITY OF UTICA - 3302** | | Com Veh | Bus | Haz Mat |
| Street Name **I90 MPM 233.4E** | | County **Oneida** | Hwy Type **1 -** | NCIC/ORI **13302** |
| | | Hwy. No. **90** | Loc. Code **3302** | |

*Kimberly M. Colton*

Officer's Signature Affirmed Under Penalty of Perjury

Officer Operating Radar Signature

| Date Affirmed **09/04/2017** | Off Assign **T311** | Badge/Shiel **1200** | Arrest Type **1 - PATROL** |
|---|---|---|---|

Officer's Name **K COLTON**

## THIS MATTER IS SCHEDULED TO BE HANDLED ON THE APPEARANCE DATE BELOW IN:

**Utica City Court**

| Address **411 ORISKANY ST. WEST** | | |
|---|---|---|
| City **UTICA** | State **NY** | Zip **13502** |
| **Must appear in person on:** | Date **09/13/2017** | Time **09:00:00 A** |

## FOR COURT USE ONLY

| Court Code **NY032031J** | Justice Code | Date Adjudicated | Date Sentenced Imposed |
|---|---|---|---|
| Charge Convicted of **AS ABOVE VTL OTHER** | | Disposition/Sentence | Fine Amt |
| | | | Surcharge |
| Bail Forfeiture Amt | Date | License | |
| | | Rev Susp Mand Perm | Month/Day/Yrs |
| DWI Test Type **1** | | DWI Test Results **22** | |
| Supporting Deposition Issued  **None** | | | |

**SECTION 1807 OF THE VEHICLE AND TRAFFIC LAW PROVIDES THAT DEFENDANT, IN CERTAIN CASES, MUST BE INFORMED IN SUBSTANCE AS FOLLOWS:**

"A plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motorcycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law."

To Judges or Clerk of Court: Checkmark the appropriate box or boxes below.

I HEREBY CERTIFY THAT:

☐  Upon arraignment, that the above instruction was given orally to the defendant

☐  The defendant appeared in response to a ticket upon which the above instructions were printed in bold type, in accordance with Section 1807 of the Vehicle and Traffic Law.

☐  Defendant entered a plea of guilty in writing pursuant to Section 1805 of the Vehicle and Traffic Law.

| Signature of Judge or Clerk of Court | Date |
|---|---|
| | |

Name of Judge

# EXHIBIT

# D

STATE OF NEW YORK
COUNTY OF ONEIDA                    UTICA CITY COURT
---------------------------------------------------------------
The People of the State of New York,

                                        **Plaintiff,**

                against                                 **Decision and Order**

**Raymond A. Carruthers,**
                                                       **CR No. 09069-17**
                                        **Defendant.**
---------------------------------------------------------------

**APPEARANCES:**   **Maria Murad Blais, Esq. for the People**
                   **John G. Leonard, Esq. for the Defendant**

**PRESENT:**   **Hon.  F. Christopher Giruzzi**

## PROCEDURAL HISTORY

The defendant, Raymond A. Carruthers, is charged with the misdemeanors of Aggravated Driving While Intoxicated (VTL 1192(2-a)(a)), Aggravated Unlicensed Operation in the Third Degree (VTL 511(1)(a)), Driving While Intoxicated (VTL 1192(3)), and the traffic violations of Refusal to Take Breath Test (VTL 1194(1)(b)) and Moved from Lane Unsafely (VTL 1128(a)).

On April 20, 2018 and June 7, 2018, a Dunaway was conducted to determine the admissibility of evidence obtained as a result of his detention and arrest.  A New York State Trooper testified for the People: Kimberly M. Colton ("Colton").  The defense did not put on any witnesses.  Exhibits received into evidence were the Trooper's DWI and Miranda Warning card (People's Exhibit 1) and National Highway Traffic Safety Administration ("NHTSA") Student Manuals for DWI Detection and Standardized Field Sobriety Testing for years 2000, 2002, 2004, 2013, and 2015 as well as separately excerpted pages from the 1981 and 2002 manuals (Defense Exhibit C).

## TESTIMONY

Colton's direct testimony was as follows:

On September 4, 2017, Fulton was working a 7:00 p.m. to 7:00 a.m. shift.  She was on the Thruway at about 8:30 p.m. when she received a call from dispatch of a gray passenger

car on the Thruway headed westbound extremely slowly and being "all over the road". After heading toward the reported location, Colton received information that the vehicle had exited the Thruway at Exit 34, then at about 9:14 p.m. Colton received a further report that the vehicle was back on the Thruway headed eastbound.  Colton headed in that direction and came up behind a gray Malibu. She clocked the vehicle on radar at 41 m.p.h. and observed it cross the center lane marker 3 times.  Colton stopped the vehicle near milepost marker 236.  The single occupant was Defendant driver who appeared disheveled, smelled strongly of alcohol, and had watery, bloodshot eyes.  Colton asked for Defendant's license and registration; Defendant complied, apparently without difficulty.  Defendant first told Colton that he was coming from Rome; when she noted a discrepancy in that account, he then told her he was coming from "the casino."  Defendant admitted, with slurred speech, to having had 2 beers at the casino.  Colton administered the three Standard Field Sobriety Tests and the Romberg test, all of which Defendant failed.  Defendant refused to provide a breath sample for the roadside testing.  Colton arrested him for Driving While Intoxicated and placed him in her patrol car.  She read him the DWI warnings and Miranda Warnings, which he said he understood.  Defendant agreed to submit to a chemical test but after some further conversation Defendant became extremely upset.

Colton testified that she has been a Trooper for 18 years, that she has received training on how to conduct DWI traffic stops, and that she has received training in the Standard Field Sobriety Tests.  Colton testified that she received the Trooper of the Year Award four times for her DWI work.  Colton also testified that this was her first participation in a suppression hearing. [That surprising lack of courtroom experience may have contributed to the stunningly weak, shallow, evasive, and unconvincing quality of her testimony,] particularly that regarding probable cause for the DWI arrest.

Direct examination:

Q.  So, Trooper, I ask you exactly, you said, nystagmus, the gaze nystagmus test.  Do you know the full name of that test?

A.  I don't recall it.  So, no I don't.

…

Q. Exactly what did the Defendant show to you on that date when you performed this

2

test with him?

A.  That he had unequal tracking, unequal, lack of smooth pursuit.

...

Q.  Okay.  Do you know what the total amount of clues for the walk and turn test?

A.  Eight.

Q.  Eight.  Can you list those 8 clues?

A.  Not exactly, no.

...

Q.  You're familiar with the clues in the one leg stand.  You know how many clues there are total?

A.  Six.

Q.  And do ...

A.  Excuse me, 4.

Q.  Four.  And do you know exactly what clues the Defendant exhibited on that date.

A.  He failed.

Cross examination:

Q.  No, you just testified, and I ask you and you just said it again that my client had unequal tracking.  And in your manual, and you've been trained, that if a person has unequal tracking that means they're unable to follow the stimulus.

A.  That's correct.

Q.  And if he's unable to follow the stimulus how do you do the tests?  You can't perform the test if they can't follow the stimulus?

Q.  I do attempt, absolutely, and it's written off as a fail.

...

Q.  And in your manual it says that if you have an unequal tracking and they can't track you cannot do the test, right?

A.  Possibly, I don't know the exact verbiage of the manual from 2000.

Q.  Well, you've done this for 19 years, right?

A.  I absolutely have.

...

3

Q. And how many DWI arrest have you had?

A.   Several.

…

A.   I received 4 years of Trooper of the Year Award for my DWI activity.

Q.   Okay.  So you should know this stuff inside and out, right?

A.   Possibly.

…

Q.   Explain what unequal tracking is.

A.   Unable to track my pen.

Q.   Okay, what's that mean?

A.   Unable to track my pen.

Q.   Meaning what?

A.   Can't track my pen.

…

Q.   Trooper, tell me the clues, the exact clues for the HGN.  I'm sorry, for the walk and turn.

A.   The exact clues.  Every step needs to be heel to toe.  When he gets to the turn it needs to be a short, choppy turn as demonstrated to him prior to the test begins.

Q.   So, there's 3 clues?

A.   There's 3 clues?

Q.   I'm asking you.  Is there 3 clues?

A.   He failed all of the clues.

…   (after Colton provided of the eight clues)

Q.   Three.  Give me the other five.

A.   That's the extent of what I can provide you[.]

Colton was cross-examined about her motive in filing an unsubstantiated felony Aggravated Unlicensed Operator complaint against Defendant instead of a misdemeanor complaint, such enhanced charge causing Defendant to be held in jail for arraignment.  The complaint was later amended to a misdemeanor by the People.

Q.   Is that the felony complaint that you filed that night, Exhibit B?  And at the bottom

4

it says that false statements are punishable by …

A.   Yes, I did.

Q.   Right, you signed that.

A.   Yes, I did,

Q.   And you have no knowledge that my client had a suspended license for alcohol for the refusal that night, correct?  And before you answer that, I don't know if you want to have your own attorney here because this is pretty serious that …

A.   Okay.

Q.   … you falsely charged my client with a felony and he had to go to jail that night. So if you want to stop right here and not answer anything else because that's a false statement that you had there based on the documentation that you have.  Would you like to stop?

A.   I would like to talk to the ADA.

The hearing was thereupon adjourned.  When it resumed weeks later, things did not improve.

A.   My understanding at the time with the convictions of his prior DWI, AI's, with a suspension are trying to articulate the Vehicle and Traffic Law sometimes gets confusing [sic].  I did make a mistake of charging him with an AUO 1st which is a human error it is not perjury.  It was a human mistake.

Q.   So, who told you to say that?  Did you talk to an attorney?  Did you talk to the boss, did you talk to the Supervisor and have you come in here and change your testimony telling us that's a human mistake?  Who did you talk to say that?

A.   I spoke to my union rep.

Q.   And they told you to come in here and say that?

A.   We discussed it.  We went through the paperwork together.  And together going through the Vehicle and Traffic Law we discussed it together and decided it should have been AOU 3rd and it was absolutely an error not perjury.  Not intentionally, not knowingly.

…

Q.   And you have, let's say a hundred stops in 20 years, 18 years.

5

A.   Correct.

Q.   For DWI?

A.   Correct.

Q.   Okay.  And every time that you arrest somebody unless they refuse you give field sobriety tests, correct?

A.   That is correct.

Q.   Okay.  Why don't you know it then?

A.   Why don't I know the manual?

A.   Yeah.

A.   I don't.  I don't have an answer for that.

### CONCLUSION

The testimony quoted above provides examples but does not adequately capture Colton's equivocation, failure of memory, and lack of candor.  Her testimony regarding probable cause was neither reliable nor credible.  Her recall was selective and self-serving.  Her overall demeanor in that portion of the hearing is illustrated by the following exchange:

Q.   … You said on your paperwork under the penalties or perjury that my client had 8 clues on the walk and turn.

A.   That is correct.

Q.   Tell me the 8 clues.

A.   I can't

Q.   Okay.  So we should just strike that because you have no idea …

A.   If that's what my, [sic] the Judge would like to do so be it.

"The analysis required of a [suppression] hearing Judge faced with deciding whether the People have met their burden is largely the same as that used by a magistrate in passing on an application for an arrest or search warrant." People v. Dodt, 61 N.Y.2d 408, 415 (1984) (citations omitted)

"It is settled law that such a [suppression] challenge casts on the prosecution the burden of coming forward with evidence that the arrest met the probable cause standard. Summary statements that the police had arrived at a conclusion that sufficient cause existed will not do. As on a warrant application, it is the responsibility of the neutral court, not the

6

police, to determine whether the latter were justified in making the serious intrusion that the deprivation of another's liberty constitutes. For that purpose, the court must be presented with facts, not assurances." <u>People v. Bouton</u>, 50 N.Y.2d 130, 135 (1980) (citation omitted)

### CONCLUSION AND ORDER

Colton's testimony establishes reasonable suspicion for the initial stop and sufficient grounds for a further investigatory detention.  However, her testimony regarding probable cause for a DWI arrest is another matter altogether, consisting not of facts, but of assurances.

After review of the testimony and evidence adduced the hearing, and based on the findings of fact and conclusions of law noted above, the court determines that:

1.  Defendant's motion for suppression of evidence based on an arrest made without probable cause is GRANTED insofar as all evidence obtained subsequent to Defendant's arrest may not be used against him at trial.

Dated:   Utica, New York
       September 13, 2018

                                   F. Christopher Giruzzi
                                   Utica City Court Judge

7

# EXHIBIT

# E

State of New York
County of Oneida                                    Utica City Court

## PLEA OF GUILTY

Instructions to Motorists: Submit this form to the Court by Registered or
Certified mail, Return Receipt Requested accompanied by Record of Conviction
Stub.  This form may not be used for misdemeanors or for a third or subsequent
speeding violation in an 18-month period.  If the court denies this application,
the applicant will be notified to appear.

To: Utica City Court

I, Raymond Carruthers, residing at 6 Jessica Place, Whitesboro, NY, **pleads
guilty to Section 1128(a), Moved From Lane Unsafely**, of the vehicle and traffic
law, dismissing the original charges of Section 511(2)(a)(ii), Aggravated Unlicensed
Operation in the Second Degree; Section 1192(2)(a), Aggravated Driving While
Intoxicated with a BAC of .18% or Greater; Section 1192(3), Driving While Intoxicated;
and Section 1194(1)(b), Refusal to Take a Breath Screen, of the Vehicle and Traffic Law
of the State of New York, committed on September 4, 2017. I acknowledge receipt of
the following warning:

"A PLEA OF GUILTY TO THIS CHARGE IS EQUIVALENT TO A
CONVICTION AFTER TRIAL.  IF YOU ARE CONVICTED, NOT ONLY WILL
YOU BE LIABLE TO A PENALTY, BUT IN ADDITION YOUR LICENSE TO
DRIVE A MOTOR VEHICLE OR MOTORCYCLE, AND YOUR CERTIFICATE
OF REGISTRATION, IF ANY, ARE SUBJECT TO SUSPENSION AND
REVOCATION AS PRESCRIBED BY LAW."

I waive arraignment in open court and the aid of Counsel.  I plead guilty to the
offense as indicated and request that this charge be disposed of and fine or
penalty fixed by the court.

10/5/18
_____                    _____
Date                                    Signature

# EXHIBIT

# F

Arrest # 777229    D.A. #    Court #    Misc.

**LOCAL CRIMINAL** COURT: **CITY** OF: **UTICA**
STATE OF NEW YORK: COUNTY OF **ONEIDA**

☑ SUPPORTING DEPOSITION
☑ DWI BILL OF PARTICULARS

THE PEOPLE OF THE STATE OF NEW YORK
against

**CARRUTHERS** (Last)    **RAYMOND** (First)    **A** (Middle)    DEFENDANT

The above "DEFENDANT" is charged by Simplified Traffic Information (TSLED) Numbers(s): **M2117C6LTX/ M2117C6MDK**

(or attached accusatory instrument) with OPERATING A MOTOR VEHICLE UNDER THE INFLUENCE OF ALCOHOL AND/OR DRUGS contrary to Section 1192 of the Vehicle and Traffic Law. A Supporting Deposition and/or Bill of Particulars pursuant to Sections 100.25 & 200.95, respectively, of the Criminal Procedure Law are hereby provided, as follows:
THE UNDERSIGNED COMPLAINANT, upon direct knowledge unless otherwise specified, avers that the defendant, on or about **09/04/2017**, at or about **09:23**
operated a (color) **GREY** YR **2012** (make) **CHEV** motor vehicle, bearing State of **NY** registration number **HNT4077**
in a **EASTERLY** direction on **I90 MPM 233.4E** a public highway/parking lot in the **CITY** of **UTICA**
County of **ONEIDA**, State of New York, while in an intoxicated condition and/or having a **0.22%** blood alcohol content.

## 1. GENERAL INFORMATION

Arrest Date: **09/04/2017**    Arrest Time: **21:55**
Date of Birth: ____ **984** Sex: **MALE**
License State:    ID#:
Address:
City:    Phone:
Vehicle Status: **TOWED**
Road Conditions: **DRY**
Traffic: **HEAVY**    Weather: **CLOUDY**

☑ PRIOR CONVICTIONS

| Sections | How Many | Last Date | As a Felony |
|---|---|---|---|
| 1192.1 | 2 | 10/19/2015 | |
| 1192.2 | | | |
| 1192.2(a) | | | |
| 1192.2(a)(a) | | | |
| 1192.2(a)(b) | | | |
| 1192.3 | | | |
| 1192.4 | | | |
| 1192.4(a) | | | |
| 1192.5 | | | |
| 1192.6 | | | |
| Out of State | | | |

## 2. REASONS FOR STOP / DESCRIPTION OF VIOLATIONS

☑ Erratic Operation:
**UNABLE TO MAINTAIN LANE, 41 MPH IN 65 MPH ZONE**
☑ VTL Violation of Section(s):
**1128A**

☐ Accident: ☐ Property Damage ☐ Injury
☐ Injury to Other than Driver
☐ "SPI" (Serious Physical Injury)
☐ "D" Fatality
☐ Civilian Complaint
☐ Roadblock
☐ Other:
Time of Stop: **09:23**

## 3. VEHICLE OPERATION SHOWN BY:

☑ Complainant's Observations
☐ Civilian Witness(es) Identification
☐ Admissions (see Number 9)
☑ Further Observations as follows:
   ☑ Defendant at the Wheel
   ☑ Defendant near the Vehicle
   ☑ Keys in the Ignition
   ☑ Motor Running
   ☐ Defendant Injured in Crash
☐ Other:

## 4. PROBABLE CAUSE FOR ARREST:

A. Observation of the Defendant's:
☑ Driving
☑ Odor of Alcoholic Beverage
☐ Odor of Marijuana
☑ Glassy Eyes
☑ Impaired Speech
☑ Impaired Motor Coordination
☐ Other Odors:

☑ Performance of Field Test(s)    ☐ Refused

| | Fail | Pass | Clues |
|---|---|---|---|
| ☑ Horizontal Gaze Nystagmus | ☑ | ☐ | 6 |
| ☑ Walk and Turn | ☑ | ☐ | 8 |
| ☑ One Leg Stand | ☑ | ☐ | 4 |
| ☑ Romberg Balance | ☑ | ☐ | |
| ☐ Finger to Nose | ☐ | ☐ | |
| ☐ Finger Count | ☐ | ☐ | |
| ☐ Reciting the Alphabet | ☐ | ☐ | |
| ☐ Other: | ☐ | ☐ | |

☑ Defendant Disabled **NONE**

B. Admissions By The Defendant
☑ Oral (see Number 9)
☐ Conduct: ☐ Screening Test Refusal
     ☐ Chemical Test Refusal
     ☐ Resisted Apprehension
☐ Other:

C. Other Evidence as Follows:
☐ Open Container of an Alcoholic Beverage
☐ Drug Paraphernalia
☐ Positive Breath Screening Test
   Time:
☐ Civilian Witness(es)
☐ Other:

## 5. NO ALCOHOL AFTER STOP SHOWN BY:

☑ Continual Police Observation
☐ Admissions (See Number 9)
☐ Civilian Witnesses
☐ Video
☐ Other:

## 6. CHEMICAL TEST INFORMATION

Time of Test: **22:28**
Location of Test: **SP SCHUYLER**
Witness to Test: **SGT. SCHELL**

---

**0.22%** blood alcohol content.
☐ Blood (Results to be delivered later)
☑ BREATH TEST B.A.C. **0.22%**
Breath Test Operator **KIMBERLY M COLTON**
☐ Other Test    B.A.C.
Inst. # **ARAH-0027**    Model # **9510**
Sim. Lot # **219199 CYL 38**    Yes   No
Agreed to take blood test?    ☐ ☐
Implied consent of blood test?    ☐ ☐
Blood Drawn By:
☐ Nurse    ☐ Physician    ☐ EMT    ☐ Lab Tech
☐ Court ordered blood test:
Judge:
Location of lab for analysis:

☐ Refusal    ☐ No Test Administered

## 7. PRESENT CHARGES:

| | |
|---|---|
| ☐ DWAI | 1192.1 |
| ☐ DWI 0.08% BAC or Greater | 1192.2 |
| ☑ AGGRAVATED DWI | 1192.2(a)(a) |
| ☐ FELONY DWI - CHILD IN VEHICLE | 1192.2(a)(b) |
| ☐ DWI INTOX | 1192.3 |
| ☐ DWAI DRUGS | 1192.4 |
| ☐ COMBINED INFLUENCE | 1192.4(a) |
| ☐ CMV w/ Hazmat 0.04% - 0.06% BAC | 1192.5 |
| ☐ CMV w/ Hazmat 0.06% - 0.08% BAC | 1192.6 |
| ☐ Felony 0.08% BAC or Greater | |
| ☐ Felony DWI | [1192.2 and 1193.1(c)] |
| ☐ Consumed Alcohol-Under 21 | [1192.a] |
| ☐ Other VTL Violation(s) | |

☐ Other Offense(s)

☐ Current Susp./Revoc (Sec. 511)

## 8. VERIFICATION:

False Statements made herein are punishable as a Class "A" misdemeanor pursuant to Section 210.45 of the Penal Law.
**NEW YORK STATE POLICE**
Police Agency

*Kimberly M. Colton*

Arresting Officer (Signature)
**KIMBERLY M COLTON**
Arresting Officer (Print Name)
**1200**    **T**    **3**    **11**
Shield #    Precinct/Troop/Zone/Station
☑ Supporting Deposition Served on Defendant

**9/4/17**    *KMC*
Date    Officer's Initials    Defendant's Initials

DCJS - 3204

1-0010