UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **RAYMOND A. CARRUTHERS,** | **MEMORANDUM OF LAW** |
| **Plaintiff,** | |
| v. | **Civil Action Number:** <br> **6:20-cv-399 (FJS/TWD)** |
| **KIMBERLY COLTON, individually;** <br> **CHARLES HUMPHREYVILLE;** <br> individually; **KRISTINE WESTON** <br> individually; | **JUDGE SCULLIN** |
| **Defendants.** | |

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

## Table of Contents

PRELIMINARY STATEMENT .................................................................................................. 3

STANDARD OF REVIEW ......................................................................................................... 3

ARGUMENT ................................................................................................................................ 4

POINT I PLAINTIFF SHOULD BE ALLOWED TO AMEND BECAUSE THE AMENDMENTS ARE NOT UNDULY DELAYED, NOT BEING BROUGHT IN BAD FAITH, NOT BEING BROUGHT WITH A DILATORY MOTIVE AND THIS IS PLAINTIFF'S FIRST REQUEST TO AMEND HIS PLEADINGS SO THERE IS NO RISK OF REPETITIVE AMENDMENTS ................................................................................................ 4

POINT II PLAINTIFF SHOULD BE ALLOWED TO AMEND BECAUSE THE AMENDMENTS ARE NOT FUTILE ........................................................................................ 5

CONCLUSION ............................................................................................................................. 6

## PRELIMINARY STATEMENT

Plaintiff files this Memorandum of Law in support of his Motion for leave to file an Amended Complaint. (Oren Aff. – Exhibit 1). The procedural history of this case relevant to this Motion is detailed in the Attorney Affidavit which accompanies Plaintiff's Motion papers. Given, the procedural history of this case, the factual history of the matter is assumed. However, if necessary, a factual history of the case can be found in Plaintiff's Complaint and proposed Amended Complaint as well as ECF Docket Entry 14-2 pages 6-12.

In short the Court, on FRCP 12 review dismissed all of Plaintiff's claims. However, the Court did allow Plaintiff the opportunity to file a motion to amend concerning his 42 U.S.C § 1983 claim against Defendant Colton for fabrication of evidence. Accordingly, this Memorandum is in support of such a Motion.

## STANDARD OF REVIEW

To begin this Motion is governed by the more liberal FRCP 15 (a) (2) standard and not the more restrictive FRCP 16 (b) standard because Plaintiff has timely filed this Motion in compliance with the Court's FRCP 16 Scheduling Order. Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) (discussing the interplay between FRCP 15 and FRCP 16) (See also ECF Docs. 19; 37; 43).

The plain text of FRCP 15 (a) (2) states "[t[he court should freely give leave [to amend] when justice so requires." FRCP 15 (a) (2). The Supreme Court has interpreted this to mean "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as *undue delay, bad faith or dilatory motive on the part of the movant,*

3

*repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment*, etc.—the leave sought should, as the rules require, be '*freely given*.'" Foman v. Davis, 371 US 178, 182, 83 S Ct 227, 230, 9 L Ed 2d 222 (1962) (emphasis added).

As will be argued below, the Foman factors overwhelming militate towards granting Plaintiff's Motion to Amend.

### ARGUMENT

### POINT I
### PLAINTIFF SHOULD BE ALLOWED TO AMEND BECAUSE THE AMENDMENTS ARE NOT UNDULY DELAYED, NOT BEING BROUGHT IN BAD FAITH, NOT BEING BROUGHT WITH A DILATORY MOTIVE AND THIS IS PLAINTIFF'S FIRST REQUEST TO AMEND HIS PLEADINGS SO THERE IS NO RISK OF REPETITIVE AMENDMENTS

Here, Plaintiff has not exhibited "undue delay, bad faith or dilatory motives" concerning these proposed Amendments. A review of the docket confirms this. Specifically, on or about April 3, 2020 Plaintiff filed a Summons and Complaint against the Defendants Kimberly Colton, Charles Humphreyville, and Kisten Weston in the United States District Court for the Northern District of New York which was assigned Civil Case Number 6:20-cv-399 (FJS/TWD). (Atty Aff, para. 2). On or about July 1, 2020 Defendants filed a Motion to Dismiss the aforementioned Complaint. (Atty Aff. para. 3). The Motion was fully briefed and submitted to the Court. (Atty. Aff. para. 4). On November 29, 2021, the Court entered a Memorandum-Decision and Order granting said Motion but left open the possibility for Plaintiff to file a motion to amend the Complaint as against Defendant Colton in regard to his fabrication of evidence claim against her. (Atty. Aff. para. 5; See ECF Doc. 20).

As far as there being any repeated failures of past amendments to cure prior defects in

pleadings there are no such failures here because this is the first time Plaintiff has requested to amend his pleadings. (Atty. Aff. para. 7). Nor can it be said to be unduly prejudicial to Defendant for the same aforestated basis. In conclusion, these factors militate towards allowing the amendment.

## POINT II
## PLAINTIFF SHOULD BE ALLOWED TO AMEND BECAUSE THE AMENDMENTS ARE NOT FUTILE

It appears after reading the opposing counsel's briefs and the Court's MDO the likely opposition will be that Plaintiff's amendment is futile as Plaintiff cannot plead the requisite intent for a § 1983 claim. Here, the dispute is not on the law but the facts.[1]

The Court on FRCP 12 (b) (6) review found that Plaintiff only had conclusions of law to support his intent/knowingly element for the § 1983 fabrication of evidence claim against Defendant Colton. (ECF Doc. 20 page 9). Therefore, Plaintiff has amended in his complaint to highlight, based on the facts, why he is entitled to the plausible, reasonable inference that Defendant Colton fabricated evidence. (See Exhibits 1 and 2 para. 79). Specifically, Plaintiff has highlighted how it severely strains credulity that a State Trooper of eighteen years, with four trooper of the year awards for her DUI arrests, does not genuinely know the definition of gaze nystagmus, what type of gaze nystagmus field sobriety tests there are, how to properly apply a horizontal gaze nystagmus test, the clues for the walk and turn field sobriety test, the clues for the one leg stand field sobriety test - all when she swore out in her DWI Bill of Particulars/Supporting Deposition that she did have all of this knowledge and observed said clues. Id. Moreover, Defendant Colton strait-up fabricated Plaintiff's glassy eyes and impairment, as well as the basis for her felony complaint in an effort to prevent Plaintiff from

---

[1] Plaintiff readily recognizes that intentionally/knowingly standard is applied to 42 USC § 1983 fabrication of evidence cases.

getting his blood tested by an independent phlebotomist, as she told everyone that Plaintiff would be free to go until she learned that phlebotomist was coming and thus fabricated the felony charge to hold him, effectively preventing any blood tests. Id. Finally, the Utica City Court, which was the Court who had jurisdiction to make creditability determinations on the suppression hearing, found Defendant Colton untruthful. Id. Accordingly, Plaintiff's proposed amendment is not futile and should be allowed.

## CONCLUSION

For the reasons and rationales, stated herein Plaintiff respectfully requests that the Court **GRANT** his Motion for leave to file the proposed Amended Complaint because some if not all of the Foman factors weigh heavily in favor of granting him leave to file an Amended Complaint pursuant to FRCP 15 (a) and for any further relief the Court believes justice so requires.

Respectfully submitted,

Dated: December 19, 2021

/s/ *Zachary C. Oren*
Zachary C. Oren, Esq.
*Attorney for Plaintiff*
Federal Bar Roll Number 603001
401 Rutger Street
Utica, NY 13501
Cell: (570) 441-8818
Email: z.c.oren@gmail.com

To: Jonathan Reiner, Esq. (*via CM/ECF filing*)
    Assistant Attorney General
    *Attorney for Defendant*