UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RAYMOND A. CARRUTHERS,

                 Plaintiff,

    v.                                          6:20-CV-00399 (FJS/TWD)

KIMBERLY COLTON, et al.,

                 Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF ZACHARY C. OREN, ESQ.<br>Attorneys for Plaintiff<br>401 Rutger Street<br>Utica, NY 13501 | ZACHARY C. OREN, ESQ. |
| LAW OFFICE OF DAVID A. LONGERETTA, PLLC<br>Attorneys for Plaintiff<br>298 Genesee Street<br>Utica, NY 13502 | DAVID A. LONGERETTA, ESQ. |
| HON. LETITIA JAMES<br>New York State Attorney General<br>Attorney for Defendants<br>The Capitol<br>Albany, NY 12224 | JONATHAN S. REINER, ESQ.<br>Ass't Attorney General |

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## REPORT-RECOMMENDATION

Plaintiff commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 against three New York State Troopers in their individual capacities. The original complaint asserted four causes of action. (Dkt. No. 1.) Defendants' motion to dismiss the complaint was granted with prejudice regarding the first, second, and fourth causes of action, and

dismissed without prejudice and with leave to amend regarding Plaintiff's third cause of action for fabrication of evidence asserted against Defendant Trooper Kimberly Colton ("Colton"), in her individual capacity. (Dkt. No. 20.) For the complete background of the original claims, reference is made to the Court's prior Memorandum-Decision and Order. *Id.* at 2-5.[1] Because the causes of action alleged against the other two Defendants were dismissed with prejudice, those two Troopers have been terminated from the action. *Id.* at 12.

Plaintiff then timely filed a motion for leave to amend the complaint. (Dkt. No. 21.) Defendant Colton opposed the motion. (Dkt. No. 23.) On September 7, 2022, the Court denied Plaintiff's motion and gave Plaintiff one final opportunity to amend the complaint ("September 7th Order"). (Dkt. No. 26.) The Court also noted that if Plaintiff did not file a further motion to amend within twenty (20) days from the September 7th Order (Dkt. No. 26), then the Court would recommend the complaint be dismissed in its entirety with prejudice. *Id.* at 7.

Presently before the Court is Defendant's letter motion (Dkt. No. 27) seeking to dismiss the complaint in accordance with the Court's September 7th Order. Defendant correctly points out that Plaintiff has not filed a further motion to amend within twenty (20) days of the September 7th Order, since no such motion was filed by September 27, 2022, and "[t]he window for attempting to amend the complaint has long since closed." (Dkt. No. 27.) Inasmuch as Plaintiff has failed to file a further motion to amend in a timely fashion as directed, no request for an extension to file such motion was received by the Court (*see*

---

[1] Page references to documents identified by Docket Number are to the page numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

*generally* the Docket), and Plaintiff has not filed any further documents on the Docket since the Court's September 7th Order, Defendant's letter motion is granted. Therefore, the Court recommends dismissal of the complaint in its entirety and with prejudice.

**WHEREFORE**, it is hereby

**RECOMMENDED** that Defendant's letter motion (Dkt. No. 27) be **GRANTED**; and it is further

**RECOMMENDED** that Plaintiff's complaint be dismissed in its entirety with prejudice.

Dated:   November 15, 2022
        Syracuse, NY

_____
Therèse Wiley Dancks
United States Magistrate Judge